11354, 11355.  MATTOX *v.* NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY; and *vice versa.*

Any ambiguity in an insurance contract should be construed most strongly against the insurer, but the construction must be reasonable and not strained.

The "war clause" of the life-insurance policy in question, properly construed, required the insured to notify the insurance company as to his entrance into military service, so that the company might demand of him the extra premium required, under the terms of the "war clause," for one engaged in such service.

DECIDED MAY 11, 1920.

Action on insurance policy; from city court of Elberton — Judge W. D. Tutt. January 23, 1920.

This was a suit on a policy of insurance upon the life of George W. Mattox. Only the following portions of the application and the supplementary application for the policy are material:

(*a.*) "I further agree that said policy shall be void if within five years from its date I shall engage in military service in time of war without the written consent of the company previously obtained."

(*b*) "I hereby agree that any policy issued by the company on this application shall contain or have attached thereto the following war-clause: 'If within five years from the date of this policy the insured shall engage in any military or naval service in time of war, the liability of the company in event of death of the insured while so engaged . . . will be limited to the return of the premiums paid hereon, exclusive of any extra premium paid for military or naval service, less any indebtedness to the company hereon; unless before engaging in such service or within thirty-one days thereafter . . . the insured shall pay to the company at its home office in Boston, Mass., such extra premium as may be required by the company, and in like manner shall pay annually thereafter, on each anniversary of this policy, or within thirty-one days thereafter while the insured shall continue to be so engaged, such extra premium as may be required by the company,

Within one year after the termination of the war the company will return such portion of the extra premium as in its judgment will not be required to cover the extra hazard." The foregoing "war clause" was attached to the policy sued upon. The policy also contained the following clause: "After one year from the date of issue this policy shall be incontestible except for non-payment of premiums, and for military or naval service in time of war, as per war-clause annexed hereto, and no waiver of any of its conditions shall be valid unless made in writing and signed by the president, vice-president, secretary or assistant secretary of the company."

The defendant company denied any liability under the policy, except for the amount of the premiums paid by the insured, upon the following grounds: First, that the insured, within five years from the date of the policy, enlisted in military service in time of war, without the written consent of the company. Second, that the insured died in military service without having paid the extra premium required by the company on account of such service, although the rules of the company required an extra premium for the first year of war service, of $37.50 per $1,000 of insurance. The court sustained the demurrer to the first ground of the defendant's plea, on the ground that, the policy having been in force for more than one year, under the incontestible clause thereof such a defense could not be set up. The court likewise sustained a demurrer to that portion of the defendant's plea which alleged that the company had rules requiring the payment of an extra premium of $37.50 per $1,000 of insurance for war service, and declined to allow the defendant to introduce evidence to support this allegation, on the ground that the rules of the company were not a part of the policy, and therefore were not binding upon the insured. These rulings were duly excepted to by the defendant and brought up in a cross-bill of exceptions. Upon the trial the evidence consisted of the following agreed statement of facts:

"W. C. Mattox, the plaintiff in the above-stated case, is the duly appointed and legally qualified administrator of the estate of George William Mattox, late of Elbert county, Georgia, deceased. The New England Mutual Life Insurance Company, the defendant in this case, is a Massachusetts corporation, having an agent, office, and place of business in Elberton, Elbert county, Georgia. On the

14th day of June, 1917, George William Mattox applied to the defendant for a policy of insurance upon his life, payable to his executors, administrators, or assigns, in the amount of two thousand dollars. Upon this application and a supplementary application, made upon the date of the original application, defendant issued to the said George William Mattox its policy of insurance upon his life, which policy is numbered 335,858, to which policy was attached a copy of the application and the supplementary application therefor, and also a rider, designated as a 'war clause.' Correct copies of the said policy of insurance, said application and supplementary application therefor, and said 'war clause' rider are attached to the petition in this case, as exhibits, and the same constitute the contract upon which the plaintiff brings this suit. The first and second regular annual premiums of $58.80 each, due upon said policy of insurance, were paid by the insured, George W. Mattox, by his paying the sum of $74.60 in cash, and the balance by giving three notes, dated June 27, 1918, and payable to defendant. Said three notes were never paid by George W. Mattox, and defendant still holds said notes unpaid. Said premium notes provide for thirty days of grace for the payment thereof, and the plaintiff died within the said thirty days of grace. After said policy had been issued to him, and on the 10th day of August, 1918, the insured, George W. Mattox, enlisted in the dental corps of the United States army, as a first lieutenant in the dental corps. The dental corps of the United States army is and was at the time of the enlistment of the insured, and was at the time of his death, a branch of the military service of the United States of America. From the time of his enlistment on the 10th day of August, 1918, until October, 1918, the insured was stationed at an army training camp, at Camp Wheeler, Macon, Georgia. The duties which were imposed upon insured, as a member of the dental corps of the United States army and as a first lieutenant of that branch of the service, were those of a regimental dentist whose practice was restricted to the members of the army, under the orders of his superior officers. Had George W. Mattox reached France, he would have been subject to the orders of his superior officers and would have been required to go to such portions of the territory adjacent to the scene of armed conflict as might make it possible for him to attend to the members of his regiment needing dental surgery, and

such orders might have carried him within the range of cannons at different times, and certainly within the range of bombing airplanes. He would have lived in the camps of his regiment. No actual combatant service was or under military regulations could be required of insured. On or about the 1st day of October, 1918, insured, with the unit to which he was attached, boarded the United States army transport U. S. S. Kroonland, destined for a port of debarkation in France. Insured boarded said transport at Norfolk, Virginia. The said transport or troopship was crowded, and staterooms thereon, designed for two, were occupied by three or four persons. While aboard this troopship insured contracted pneumonia. After pneumonia had developed, the insured was taken out of his stateroom and carried to an infirmary, aboard ship, which was comfortably and conveniently fitted up for the purpose. Insured died from this attack of pneumonia, while at sea, and before he had reached France; the date of his death being the 15th day of October, 1918. The pneumonia from which insured died was superinduced by a case of Spanish influenza which preceded it. The body of deceased insured was returned to Elberton, Ga., and was there interred. From the time of his enlistment until the date of insured's death the United States were in a state of war with the German and Austro-Hungarian nations, and at the time of his death the insured, acting under orders of his superior military authorities, was being transported across the Atlantic ocean to France, where his unit was to join the United States forces, then and there engaged in an armed conflict with the aforesaid enemy armies. Prior to the filing of this suit plaintiff complied with all the requirements of the defendant, as to proof of death and claim of insurance of the deceased, George W. Mattox. Defendant refused to pay the amount of the insurance for which said policy had been issued, but, before plaintiff filed suit, did make a legal tender to plaintiff of the sum of $74.60 (the whole of the amount insured had paid in cash on his premiums), and did make a tender of the three notes which insured had made to defendant in payment of the balance due upon his premium, which amount of money and which notes defendant tendered as a full settlement of its liability under the policy sued on. The tender of said amount together with said notes was refused by the plaintiff, as not being in full of defendant's liability. The insured, George W. Mattox,

never obtained defendant's written consent for him to engage in military or naval service, and never applied for such consent. Defendant never made a demand upon the insured for the payment of an extra premium for or on account of war service in which insured was engaged, and the insured never paid to defendant any such premium."

The court, sitting by consent without the intervention of a jury, rendered judgment in favor of the defendant, and subsequently overruled the plaintiff's motion for a new trial, and the plaintiff excepted.

*Joseph N. Worley, W. A. Nall,* for plaintiff.

*Candler, Thomson & Hirsch, Z. B. Rogers,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) Conceding, but not deciding, that the court's judgment upon the demurrers to the defendant's plea was correct, we nevertheless think the judgment for the defendant was the only possible legal adjudication of the case. The controlling question is as to the proper construction of the " war clause " attached to the policy of insurance sued upon. Counsel for the plaintiff contend, in effect, that under that clause the beneficiary of the insured was entitled to recover the full value of the policy, upon the death of the insured in military service, without the payment of an extra premium for such service, unless the company had actually demanded of the insured such extra premium. On the other hand, counsel for the insurance company contend, in substance, that under the "war clause," especially when construed in connection with the other material provisions of the policy, it was not obligatory upon the company to ascertain that the insured was intending to enlist in military service, and thereupon to notify him that the company demanded or required a certain sum as an extra premium for such war service, but that it was clearly understood by both parties to the contract that if the insured thereafter entered military service, he must pay an extra premium to keep the policy in force for any amount except for the premiums which he had paid, and that it was incumbent upon the insured, if he desired to keep the policy in force for its full face value, to notify the company of his intention to enter military service, so that the company would have an opportunity to demand of him the extra premium required, under the terms of the " war clause," for such service.

While the law is well settled that any ambiguity in an insurance contract should be construed most strongly against the insurer and most favorably in the interest of the insured, it is equally as well settled that the construction must be a reasonable and not a strained one. In our judgment, even if it be conceded that there is ambiguity in the war-clause of the policy, it would be an unreasonable and a strained construction to hold that under that clause, and the other provisions of the policy, it was the duty of the insurance company to keep such close track of the insured as to ascertain, without any notice from him, that he was about to enlist in military service, and to notify him that the company required of him a certain amount as an extra premium for the war service in which he was about to engage. In our opinion the only sound and reasonable construction of the " war clause," especially when construed in the light of the other material provisions of the policy sued upon, is as contended by counsel for the defendant. It follows that the court, sitting without the intervention of a jury, did not err in rendering a judgment for the defendant, or subsequently in denying the motion for a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Luke and Bloodworth, JJ., concur.*