Upon consideration of the question certified by the Court of Appeals in this case, the Justices being equally divided in opinion, Chief Justice Reid and Associate Justices Jenkins and Duckworth being of the opinion that the first question should be answered in the negative, and that the second question should be answered to the effect that the company is *Page 459 
liable, and Presiding Justice Atkinson and Associate Justice Bell and Grice being of a contrary opinion, the questions are returned to the Court of Appeals without instruction. Code, § 2-3009; LaHatte v. Walton, 181 Ga. 785 (184 S.E. 278); Ellis v. Rudeseal, 184 Ga. 519 (191 S.E. 913).
 No. 13325. DECEMBER 17, 1940.
The Court of Appeals (in Case No. 27937) certified the following questions:
"1. Where a fire-insurance contract consists of a standard form fire-insurance policy and a rider attached thereto, in which it is provided in the rider that the insured is indemnified against loss of rents not exceeding a certain amount of a described building during a period in which it is untenantable as a result of damage to the building by fire, does such insurance against loss of rents constitute insurance on the building in the sense of the fallen-building clause contained in the standard form policy, which is a part of the contract and which reads as follows: `If a building or any part thereof fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease'?
"2. Where as the result of a tornado and not of fire a considerable portion of the building, such as twenty-five per cent. thereof, was caused to fall, and where the policy, except for the fallen-building clause, would not have ceased, or become void, upon the fall of the building, and the time limit had not expired, and the policy was therefore in force, did the policy which insured the owner of the building only against loss of rents of the building as a result of fire which damaged the building, for a period afterwards during which the building was partially or totally untenantable, thereby cease and become not of force, and where afterwards, within the time limit of the policy, a fire occurred which destroyed the remaining portion of the building which had not been damaged or destroyed by the tornado, is the insurance company not liable to the insured for loss of rents of the building resulting from the fire?"