27937. ÆTNA INSURANCE COMPANY *v.* MARTIN *et al.*

DECIDED MARCH 7, 1941. ADHERED TO ON REHEARING APRIL 4, 1941.

*MacDougald, Troutman & Arkwright, W. P. Whelchel, G. Fred Kelley, Harllee Branch Jr.,* for plaintiff in error.

*Boyd Sloan, Joseph G. Collins,* contra.

STEPHENS, P. J. Mrs. Mamie H. Martin and Mrs. Jonnie Martin Tigner brought suit against the Ætna Insurance Company of

Hartford, Connecticut. The plaintiffs alleged that on August 1, 1935, the defendant executed and delivered to them contracts insuring them from noon of that day until noon of August 1, 1936. in the sum of $1050 against a loss of rents on certain described property in Gainesville, Georgia, caused by fire or lightning, for which they paid the required premium, and that the building was totally destroyed by fire on April 6, 1936. The defendant denied liability, for the reason that a part of the building fell because of a tornado before the destruction of the remainder of the building by fire, and contended that under the provisions of the "fallen-building clause" of the policy the insurance had terminated when the fire occurred. The case was submitted to the judge, without the intervention of a jury, on an agreed statement of facts. The material allegations of facts in the petition and the answer were admitted and embraced within the agreed statement of facts. In addition to the above, the agreed statement of facts contained, in part, the following: On April 6, 1936, around 8:30 a. m., the City of Gainesville was visited by a violent and devastating tornado which caused approximately twenty-five per cent. of the building, and a material part thereof, to. collapse and fall; that "all of said damage was done to the plaintiffs' building and was completed when the tornado had passed, and before any fire attacked any part of the plaintiffs' building or the contents thereof;" that "no fire occurred in or attacked the plaintiffs' building or the contents thereof until approximately two hours after the storm had passed and until after the plaintiffs' building had been damaged as aforesaid;" and that "the fire which attacked the plaintiffs' building was communicated from the Pruitt-Barrett hardware building and completely destroyed the remaining seventy-five per cent. of the plaintiffs' building." The rider attached to the policy provided that in consideration of the premium the defendant would insure the plaintiffs for one year against all direct loss or damage by fire, to an amount not exceeding $1050, to "the following described property," to wit, "rents . . (based on six months) . . $1050, on the rents of the two-story brick building, with metal roof situated at No. 7-13 on the south side of East Spring Street, block No. 6, in Gainesville, Georgia," and that "the intention of this insurance is to make good the loss of rents caused by fire or lightning actually sustained by the assured on occupied or rented portions of the

premises which have become untenantable for and during such time as may be necessary to restore the premises to the same tenantable condition as before the fire." It was provided in the policy to which the rider was attached that "If the building or any part thereof fall, except as a result of fire, all insurance on such building or its contents shall immediately cease." On April 6, 1936, the building described in the policy was owned by the plaintiffs and was occupied in its entirety by C. V. Nalley as their tenant, and the amount of rent paid by the tenant to the plaintiffs from August 1, 1935, to January 1, 1936, was $150 a month, and on January 1, 1936, the plaintiffs submitted to the tenant a new lease to cover the period from January 1, 1936, to August 1, 1936, and the tenant occupied the premises and paid rent under that lease at the rate of $180 per month up to the time he ceased to occupy the premises on account of the destruction of the building. The building was entirely destroyed by the storm and the fire, so that it could not be occupied by the tenant. This lease provided that "in the event of damage or destruction by fire, storm, or other causes, the rent shall be proportionate to the amount of the use and occupancy in effect until the premises are repaired or rebuilt; and the parties of the first part have the option of rebuilding or of cancelling the lease in such event." In view of the scarcity of labor and building supplies in Gainesville, following the tornado and fire, it would have required four-months time to rebuild the plaintiffs' building or make the repairs necessary to restore the same to substantially the same condition in which it was after the tornado had passed and before the fire attacked the building. The plaintiffs are entitled to recover $720 for four months rent if the fallen-building clause in the policy (above quoted) did not cause the insurance against loss of rents to terminate in advance of the time the fire destroyed the building.

A judgment was rendered in favor of the plaintiffs in the sum of $720, and the defendant excepted.

Only in the attached rider, which together with the policy constitutes the entire contract, is there any provision for insurance. It is provided in the rider that the plaintiffs are insured as against all direct loss or damage by fire, in an amount not exceeding $1050, to the "following described property." The property described in the rider as the subject of the insurance is, as therein described,

"$1050 on the rents of the two-story brick building," followed by words more particularly describing the building. The fallen-building clause, which is not contained in the rider, but is in the body of the policy, provides: "If the building or any part thereof fall, except as a result of fire, all insurance on such building or its contents shall immediately cease." It is undisputed that twenty-five per cent., a material portion, of the building had collapsed or fallen as the result of the tornado before the origination of the fire. Unquestionably therefore, under the terms of the policy, "all insurance on such building" had immediately ceased upon the fall and collapse of the building, and there was no coverage on the building when the fire occurred and destroyed the remaining seventy-five per cent. of the building. The question presented is as to the insurance provided for in the policy, which is insurance indemnifying the plaintiffs solely against "loss or damage by fire" to the "following described property: $1050 on the rents of the two-story brick building." It is contended that this insurance, which is against loss of rents on the described building as the result of damage to the building by fire, is not insurance on the building within the sense and meaning of the fallen-building clause which provides that "all insurance on such building" shall cease if the building or any part thereof fall, except as the result of fire, and, not being insurance on the building in the sense of this clause, the insurance for loss of rents did not cease upon the fall and collapse of the portion of the building as a result of the tornado, but that the policy, insuring against loss of rents as the result of damage to the building by fire continued in force, and was in force when the fire occurred and destroyed the remaining portion of the building. If the policy had insured against damage to the building as the result of fire, unquestionably, under the provisions of the fallen-building clause, such insurance on the building would have ceased upon the collapse of the building before the fire. The policy insures against loss of rents on the building as a result of damage to the building from fire. This is an indemnification for loss as the result of damage to the building from fire. It is a measure of damage as a result of the destruction of or damage to the building by fire, and such provision therefore amounts to insurance on the building.

In Amusement Syndicate Co. *v.* Prussian National Insurance

Co., 85 Kan. 367, 377 (116 Pac. 620), the policies under consideration insured against loss of rents resulting from the untenantable condition of a described building as a result of fire. The court held that such insurance was insurance on real property in the sense of a statute of that State which provided that where improvements on real estate are insured, the court in rendering judgment on "any such policy of insurance" shall allow the plaintiff attorney's fees. The court, in its opinion, characterized the clause of the policies indemnifying the insured against loss of rents, due to the untenantable condition of the building as the result of fire, as "fixing the measure of liability," and stated as follows: "The present statute authorizes the allowance of attorney's fees in an action upon any insurance upon real estate, whether the loss has been total or only partial. . . The policies sued upon here are in a sense written upon real estate; they insure real property rather than personal; they relate to and insure its owner against a certain form of loss in case it is injured or destroyed. . . We think these policies are written upon real property within the meaning of the second section of the statute; and this being so, they are within the scope of the term 'such policies' as used in the third section [relating to the right to recover attorney's fees], and in a successful action upon them the plaintiffs are entitled to recover an attorney's fee."

The able and resourceful counsel on both sides of this case are unable to furnish any authority precisely in point on the question here involved. So far as it appears from the result of their research, the decision which we are about to make will be the pioneer decision on the question. The authorities relied on in the brief of counsel for the plaintiffs (defendants in error), to the effect that a loss in rent, as the result of damage or destruction by fire, of a building covered by a fire policy, is not recoverable under fire policies on buildings as damage sustained as the result of the fire, have no application to the situation here presented. The authorities cited have no reference to policies containing express provisions indemnifying against loss sustained by reason of the untenantable condition of the buildings as the result of fire, namely loss of rents. In one of the authorities quoted by counsel for the plaintiffs, Leonarda v. Phœnix Assurance, 2 Rob. (La.) 131 (38 Am. D. 205), it was held: "In the absence of an express stipulation

in the contract that rents shall be paid during the period of construction, it can not be contended, on any legal principle of insurance, that a policy on a house covers any part of the rent, which is a thing distinct and separate from the subject-matter of insurance, and constitutes, of itself, an insurable interest." Counsel for the plaintiffs rely on a statement from Ostrander on Fire Insurance, § 180, to the effect that under a standard fire-insurance policy containing the clause that compensation is not payable for loss resulting from interruption of business or manufacture, "indemnity does not contemplate unrealized profits." Counsel also relies on the statement in 19 Cyc. 840, to the effect that "rents, profits of business, or other such losses as may result from destruction of property insured, constitute separate interests and are not to be taken into account as a part of the damages under a policy covering the property only."

Under the rules governing the construction of contracts, all provisions contained therein are presumed to be inserted with a purpose, and are to be given some meaning. A contract, unless its terms necessarily require it, will not be so construed as to render useless and meaningless a particular provision in the contract. If the fallen-building clause in the contract now under consideration be not construed as having reference and being applicable to the only insurance provided for in the contract, namely, insurance against loss of rents, the clause is meaningless and need never have been inserted in the contract. The contract, with this clause omitted, would be construed as contended for by the plaintiffs, namely, that with this clause inserted, the insurance did not cease upon the falling of the building as the result of the tornado and before the fire. Therefore, giving to the fallen-building clause in this contract some meaning as a part of the contract, it must necessarily mean that upon the falling of the building, as the result of some cause other than fire, the insurance, which is insurance against loss of rents, ceased. The insurance against loss of rents is insurance on the building, and the fallen-building clause contained in the policy applies. Under the provisions of this clause the insurance ceased upon the collapse of the building as a result of the tornado before the fire. Under the undisputed evidence and the law applicable thereto, at the time of the fire the plaintiffs' insurance had ceased and the policy had terminated, and there is no

liability under the policy. The judgment for the plaintiffs was contrary to law and without evidence to support it.

The question herein decided was certified by this court to the Supreme Court for decision. The Supreme Court was equally divided as to the proper answer to the question (*Ætna Insurance Co.* v. *Martin*, 191 *Ga.* 458, 12 S. E. 2d, 633), and the question is now presented to this court for decision.

*Judgment reversed. Sutton, J., concurs.*

FELTON, J., dissenting. The question to be decided, in my opinion, is whether the rider policy insured the building against fire, as a contingency, or the loss of rents, as a contingency. Ordinarily, under a fire-insurance policy, loss of rents is not a measure of damages for damage to a building by fire. 26 C. J. 360, § 461. If the parties to an insurance contract so desire, they may provide that fire insurance on a building shall include loss of rents, or they may provide that the building is definitely *not insured against fire,* but that the contingency, loss of rents by fire, is the only thing insured against. The mere fact that the loss in this case would have to be due to damage by fire or lightning does not of itself define the insurance as insurance *on the building.* If the loss of rents for lack of a tenant was the contingency, and could be so legally, it certainly could not be said that the insurance was *on the building.* The loss of rents was insured against for a premium separate and distinct from one for a policy insuring building and contents against fire. The contract was written on a standard form fire-insurance policy, and it does not seem to me that the intention of the parties to write a fire-insurance contract is foreclosed by that fact when another kind of contract could have been the intention of the parties. If two parties executed a lease contract on a warranty-deed form, effect would certainly not have been given to all the provisions of the deed form simply because a line was not drawn through them. If there is doubt about just what it was that was insured, there must necessarily be doubt about what the fallen-building clause refers to and what it means. Further study convinces me that such an indirect insurance should not be adjudged insurance on a building, any more than a public liability and property damage policy is insurance on an automobile, or any more than accident insurance is insurance on one's life. I do not believe it would be seriously contended for a moment that

796

the policy in this case would render a subsequent straight fire-in-surance policy void under a provision voiding it if there were other insurance on the building, undisclosed at the time, for the reason that the coverages of building and rent are two separate and distinct things, and neither is included in the other, and the argument of fraud would not apply to the situation. If the meaning of the policy is doubtful, the judgment should be affirmed. That it is doubtful is almost conclusively shown by the facts that the Court of Appeals has ruled both ways in the case, the Supreme Court was at first divided four to two on the question, and on motion for rehearing divided three to three.