### 39575. HARPER v. PHOENIX INSURANCE COMPANY OF HARTFORD.

DECIDED JULY 5, 1962—REHEARING DENIED JULY 26, 1962.

*Ronald F. Adams*, for plaintiff in error.

*Cam U. Young*, contra.

FELTON, Chief Judge. The plaintiff in error bases his claim for the full face amount of the policy upon the italicized phrase in the following provision of the policy: The loss "shall be computed from the date of such damage or destruction, until such time as the described building(s) could with the exercise of due diligence and dispatch, be restored to the same tenantable condition as before the damage or destruction and *not limited by the date of expiration of this policy.*" (Emphasis supplied). If this phrase were construed, as the plaintiff in error urges, to mean that the insured must be indemnified for every loss under the policy to the extent of the full face amount of the policy, the remainder of the above quoted provision, as to restoration of the building to a tenantable condition, etc., would be ignored or given no effect. "Under the rules governing the construction of contracts all provisions contained therein are presumed to be inserted with a purpose, and are to be given some meaning. A contract, unless its terms necessarily require it, will not be so construed as to render useless and meaningless a particular provision in the contract." *Aetna Ins. Co. v. Martin*, 64 Ga. App. 789, 794 (14 SE2d 161). The phrase "not limited by the date of expiration of this policy" simply means that once liability under the policy is incurred, it continues until terminated under the terms of the contract, even when the policy expires during the existence of the liability. This would be the law even without the inclusion of this phrase and the phrase cannot be construed so as to extend the insurer's liability beyond that which is specified in the plain and unambiguous terms of the remainder of the provision. The insurance policy which Dampier, as assignor, contracted to furnish and in fact did furnish to the plaintiff can reasonably be construed to indemnify the plaintiff for loss of rental income from the building only during the time which would reasonably be required to restore it to its former tenantable condition. The plaintiff could have protected his rental income after the insurer's liability under the contract had ceased by inducing the lessee to request a restoration of the premises within ten days from their destruction, as provided

in the lease agreement. The fact that no request for restoration was made within the ten-day period, thereby forfeiting the right to have the building restored, is not a ground for holding the defendant in error insurer liable for any longer period of time than is specified in the insurance contract. The unambiguous contract must be enforced until it is reformed, in the event it does not express the intended agreement between the assignor, Dampier, and the plaintiff assignee. The issue of whether or not the insurance contract as written expresses the intended agreement is not raised in this case, however.

The court did not err in granting the summary judgment in the amount of only $1,000 for the plaintiff in error.

*Judgment affirmed. Bell and Hall, JJ., concur.*