## 44818.   TUDOR v. AMERICAN EMPLOYERS INSURANCE COMPANY.

ARGUED OCTOBER 8, 1969—DECIDED FEBRUARY 20, 1970.

*Lester & Lester, Charles Christopher CoCroft, Jr.,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellee.

QUILLIAN, Judge. ■ The policy clearly reveals that unscheduled personal property is not covered (against theft) where it is kept in a dwelling on premises owned, occupied by or rented to the insured, except while the insured is temporarily residing therein. See Provisions 1 and 3. However, property is covered where placed for safekeeping in an occupied dwelling not owned, occupied by or rented to the insured. See Provision 2.

The location of the property in question was clearly not owned by or rented to the insured. The defendant insurance company contends that by placing the goods in the garage on 2327 Getzen, the plaintiff was occupying such within the purview of the policy. If so the quoted language in Provision 2 is meaningless. If the mere placing of goods at a locale for safekeeping would constitute "occupancy" of such area, then there could be no "occupied dwelling" which was not also occupied by the insured. In considering an insurance contract, this court will not construe the language, ostensibly written to show limits of coverage, to completely disallow any coverage whatsoever. "A contract must be given a reasonable construction which will uphold and enforce the instrument, if possible, rather than a construction which would render it meaningless and ineffective or which would lead to an absurd result." *Brown v. Chrysler Corp.,* 112 Ga. App. 22, 23 (143 SE2d 575). See *Aetna Ins. Co. v. Martin,* 64 Ga. App. 789, 794 (14 SE2d 161); *Central Ga. Elec. &c. Corp. v. Ga. Power Co.,* 217 Ga. 171, 173 (121 SE2d 644). This contention is without merit.

■ There is no question that the principal building situated on the premises at which the garage was located was occupied. Thus, the sole question that remains is whether the garage in question constitutes an "occupied dwelling" so as to be within the limits of coverage.

Historically, the term "dwelling" or even the more restricted term "dwelling house" "embraces in law the entire congregation of buildings, main and auxiliary, used for abode." *North British &c. Ins. Co. v. Tye,* 1 Ga. App. 380, 383 (58 SE 110). It includes everything pertinent and accessory to the main building and may consist of a cluster of buildings. See 28 CJS 599, 602, 603, Dwelling.

Basically, there is authority for the proposition that dwelling includes all within the curtilage, although some cases have predicated their rulings on whether the particular structure is attached, contiguous or appurtenant to the "main" house. See 13A Words and Phrases 561, Dwelling.

Here with reference to the "dwelling" on the described premises the contract distinguishes between property which is attached to the principal building (listed under Coverage A—Dwelling) and private structures appertaining to the premises and located thereon (Coverage B—Appurtenant Private Structures). This is the only definition of the term "dwelling" contained in the policy.

While ambiguous terms are construed most strongly against the insurer and in favor of the insured, the construction must be reasonable and not strained. *Mattox v. New England Mut. Life Ins. Co.,* 25 Ga. App. 311, 316 (103 SE 180). The primary consideration is determining the intent of the parties (*Code* § 20-702) and in doing so "the contract as a whole must be looked to in arriving at the construction of any part." *Cotton States Mut. Ins. Co. v. Hutto,* 115 Ga. App. 164, 166 (154 SE2d 375).

"Words contained in the contract will be construed in the sense in which they are apparently mutually employed by the contracting parties, irrespective of their proper and logical meaning." *Brooks v. Folds,* 33 Ga. App. 409 (1) (126 SE 554). Hence, as a general rule words used in one sense in one part of a

244

contract are deemed to have been used in the same sense in another part of the instrument. 17 AmJur2d 637, 640, Contracts, § 247; 17A CJS 150, Contracts, § 303; Willingham v. Life & Cas. Ins. Co. of Tenn., 216 F2d 226. Here from the definition of dwelling contained in the policy, and nothing to the contrary appearing, there is a clear intent manifested to limit the term "occupied dwelling" solely to a principal house or place of abode and connected structures. Thus, we can not with reason construe the policy to include disconnected structures or "out buildings." Here there is evidence showing the garage in question was some 22 to 30 feet from the house and was not being used as a garage or for any purpose other than storing the plaintiff's possessions. Hence, there was some proof that it was not an "occupied dwelling" so that property stored therein would not be covered.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*