### 63324. McMICHAEL et al. v. ROBINSON et al.

BIRDSONG, Judge.

Indemnity Agreement. Peyton C. Robinson and John L. Thompson were joint owners of over 200 acres of land in Jasper County, but both are residents of Fulton County. In 1977, Robinson conferred with Marvin McMichael with a view toward conducting a burn-off of Robinson's acreage in Jasper County. McMichael is a forest ranger employed by the Georgia Forestry Commission. Over the past 28 years, McMichael had conducted hundreds of such burn-offs on behalf of county residents. The purpose of the burn was to eliminate unwanted underbrush and provide improved wildlife habitat. Robinson, with the full consent of Thompson, executed a "prescription burning" agreement with the Forestry Commission. The record makes it abundantly clear that Robinson, as landowner, had the sole responsibility at the time of the burn to light the fire. After the fire was lit, employees of the Forestry Commission conducted the burn in acccordance with well established procedures. Part of this agreement with the Forestry Commission stated that the landowner agreed to assume all responsibility for damage on the landowner's and other person's property resulting from the fire. Robinson's property was contiguous with that of the appellee Tom Anderson.

In December 1977, the first part of Robinson's property was burned, apparently without incident. On March 17, 1978, the second part of the property was burned and on this occasion, the fire jumped pre-established fire breaks and slightly burned on the property of an adjacent owner (but not that of Anderson). On March 23, 1978, Robinson contacted McMichael and arranged for the final burn-off on the property. McMichael agreed to burn the last acreage at 12:00 noon March 24, and requested Robinson's presence at that time. However, because McMichael anticipated the wind velocity to increase by noon on March 24, he directed one of his employees, Glenn Williams, to commence the burn at 10:00 a.m. on March 24. Williams, with two other part-time employees of the Forestry Commission, lit the torches at 10:00 a.m., a time when neither McMichael, Robinson nor Thompson were present. The fires were

set at plowed fire breaks between the Robinson property and the Anderson property. The fires were watched by Williams and the two part-time employees until it had burned about a 100-yard swath away from the property line back into Robinson's property, thus leaving about a 100-yard burned strip or more plus the plowed fire break between Robinson's property and that of Anderson. After the fire seemingly had died down, McMichael made an appearance and found that Williams and the two part-time workers had departed for lunch. McMichael observed the nature of the burn and concluded that the burn was successfully completed and also left for lunch. At 12:00 Robinson arrived and found the fire still was smoldering and vigorously burning on part of his property. He then detected that the fire had jumped the fire break and that there was a fire on Anderson's property. McMichael, Williams and his two workers were called back to the scene to control the fire on Anderson's property, but before the fire could be controlled, a barn, a chicken coop, an old car and numerous items of farm equipment located in the barn were destroyed as well as several acres of Anderson's land including trees and lumber. Anderson placed his monetary loss in excess of $70,000. Anderson brought his complaint in Fulton County against Robinson and Thompson as property owners and against McMichael and Williams as the direct tortfeasors. All four defendants answered denying liability, claiming accident and other defenses. Robinson and Thompson filed a cross claim against McMichael and Williams seeking contribution for any monetary judgment imposed against them by Anderson. McMichael and Williams also cross claimed against Robinson and Thompson claiming indemnification based upon Robinson's assumption in the prescription burning agreement with the Forestry Commission to assume all responsibility for property damage resulting from the burn. Robinson and Thompson moved for summary judgment against the former. The trial court granted partial summary judgment to Robinson and Thompson limited to the question of liability. McMichael and Williams bring this appeal enumerating as error that grant on several grounds. *Held:*

1. In substance, McMichael and .Williams argue that the prescription burning agreement made Robinson and Thompson fully liable for any property damage caused by the burn and as that agreement is clear and unambiguous the trial court erred in construing the agreement and holding that their agents (McMichael and Williams) could be held responsible for contribution. Incidental to that argument, McMichael and Williams contend the trial court erred in concluding that the portion of the prescription burning agreement indemnifying them (the Forestry Commission employees) was void as against public policy; by its conclusion that by failing to

prevent the fire from spreading to another's property, McMichael and Williams were guilty of negligence per se; and finally, that by relieving Robinson and Thompson of liability, they being the only Fulton County residents, the trial court lost jurisdiction over McMichael and Williams who are Jasper County residents.

2. In a well-reasoned opinion, the trial court concluded that in order for McMichael and Williams to claim benefit of Robinson's assumption of liability for damage flowing from a burn, the assumption agreement would have to be considered an indemnification agreement as to McMichael and Williams. He then found a basic defect in such an implied indemnity agreement. The assumption placed any and all liability upon the property owners irrespective of any negligence by the indemnitees, McMichael and Williams. The general rule in this state is that express indemnity contracts are to be strictly construed and that an understanding purporting to indemnify or hold harmless the indemnitees' sole acts of negligence are void as being against public policy in the absence of plain, clear and unequivocal language by the indemnitor accepting the indemnitees' negligence as its own. *Molly Pitcher Canning Co. v. Central of Ga. R. Co.,* 149 Ga. App. 5 (253 SE2d 392); *Liberty Mut. Ins. Co. v. Alsco Construction,* 144 Ga. App. 307 (240 SE2d 899); *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547). We agree with the trial court and find these decisions of our court are controlling. There being no express acceptance of McMichael's and Williams' negligence as their own, Robinson and Thompson cannot be bound by an implied indemnification by the assumption of liability outside their own on the basis of the assumption clause in the prescription burning agreement.

3. In its order, the trial court referred to the provisions of Code Ann. § 26-9926a. That code section provides that it is unlawful to burn any brush or field on one's own land without taking necessary precaution to prevent the escape of the fire to another's property. The statute provides that the escape of the fire shall be prima facie proof that such precautions were not taken. Based upon the provisions of this statute, the trial court concluded the appellants (McMichael and Williams) were negligent per se. Finding the presence or absence of negligence was necessary. If appellants had acted without negligence, no issue of indemnification would have arisen. But because the court did find negligence on the part of McMichael and Williams, they then could not rely on the implied indemnification provisions of Robinson's agreement with the Forestry Commission because of the absence of the express recognition in such an implied agreement that the indemnitor accepted and excused any negligence of the indemnitee. (See

Division 1 of this opinion.) Appellants argue further that this criminal statute has no application to this civil case and the conclusion by the trial court attributing to them negligence per se was harmful error. We disagree. It has most frequently been held by this court that a violation of a statute (i.e., violations of the rules of the road) constitutes negligence per se. See *International Brotherhood of Electrical Workers v. Briscoe,* 143 Ga. App. 417, 429 (7) (b) (239 SE2d 38). See also *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294). As previously indicated, a finding of negligence or the absence thereof was most apropos in determining the applicability of the indemnity clause. Appellants, while denying that they caused the fire on Anderson's land, admitted that they did not know the exact cause and believed that the most probable cause of the fire on Anderson's land was from the fire on Robinson's property. In the absence of a reasonable explanation, we find no error in the conclusion by the trial court that McMichael and Williams were guilty of negligence per se insofar as such a finding might have relevance to a claim of indemnification.

4. In their last enumeration of error, appellants argue that because the trial court held Robinson and Thompson were entitled to contribution, they in effect were exonerated of liability. Because they are the only defendants residing in Fulton County, appellants argue that the non-liability of the Fulton County residents caused the Fulton County court to lose jurisdiction over appellants who are Jasper County residents. See *Steding Pile Driving Corp. v. Cunningham & Assoc.,* 137 Ga. App. 165, 166 (223 SE2d 217). We reject this argument on its face. The trial court did not exonerate Robinson and Thompson of liability nor did Robinson and Thompson seek exoneration. The prayer was that should they be found liable to Anderson, appellants should contribute to any recovery. The complaint remains viable as to all the defendants in the trial yet to be held. Thus, the principle upon which appellants place their reliance is inapplicable. We find no merit in this enumeration.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1982.

*Michael Bowers, Attorney General, David C. Will, Assistant Attorney General,* for appellants.

*William P. Bartles, Donald F. Daugherty, Wade K. Copeland,* for appellees.