## 65967. EASTERN AIR LINES, INC. v. C.R.A. TRANSPORTATION COMPANY, INC.

SHULMAN, Chief Judge.

This is an appeal from the trial court's grant of appellee's motion for summary judgment and denial of appellant's motion for summary judgment on appellant's third-party claim for contractual indemnification. This action was initiated against appellant to recover for injuries allegedly sustained by the plaintiff, an employee of appellee, in a vehicular accident allegedly resulting from the negligent act of an employee of appellant. Appellant filed a third-party claim against appellee seeking indemnification pursuant to the following indemnity clause contained in the transportation contract between appellee and appellant. "4. The Contractor [appellee] agrees to indemnify, defend and hold harmless Eastern [appellant] and the City of Atlanta (City), its or their directors, officers, employees, agents and representative from and against all claims, liability, loss or expense, including legal fees and court costs, arising out of or in connection with this agreement including, but not limited to claims of employees of Contractor, claims of employees of Eastern and/or City, claims arising out of injury, death or property damage, direct or consequential, to any person or entity . . . The foregoing indemnification does not apply to any claims arising out of the gross negligence or willful misconduct of Eastern and/or City."

Both appellee and appellant moved for summary judgment on the indemnity issue. Appellant enumerates as error both the grant of appellee's motion and the denial of its motion. The sole question presented on appeal is whether the indemnity provision in the subject contract includes indemnity for liability arising from appellant's negligence.

1. "The construction of a contract is a question of law for the court." OCGA § 13-2-1 (Code Ann. § 20-701). "Where no matter of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court; a contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more permissible meanings represents the true intention of the parties. [Cit.] It follows that disposition of [an issue involving the construction of an unambiguous contractual provision] by summary judgment [is an] appropriate remedy." *Runyan v. Economics Laboratory,* 147 Ga. App. 53, 55 (248 SE2d 44).

2. We agree with the trial court that the contract provision in question is clear and unambiguous and subject to but one construction, but we disagree with the conclusion that the clause does

not indemnify appellant for damages resulting from its own negligence. The clause obligates appellee to indemnify appellant "against *all* claims, liability, loss or expense . . . arising out of or in connection with this agreement . . ." (Emphasis supplied.) The clause further states specifically that it "does not apply to any claims arising out of the gross negligence or willful misconduct of [appellant]." Thus, it is readily apparent that the indemnity provision, when read as a whole, was intended by the parties to indemnify appellant for "all . . . liability" arising from the agreement, except liability accruing from the "gross negligence or willful misconduct" of appellant.

"In the construction of a contract the cardinal rule is to ascertain the intention of the parties, and to this end the whole contract must be considered." *Hull v. Lewis,* 180 Ga. 721 (1) (180 SE 599). " 'Under the rules governing the construction of contracts all provisions contained therein are presumed to be inserted with a purpose, and are to be given some meaning. A contract, unless its terms necessarily require it, will not be so construed as to render useless and meaningless a particular provision in the contract.' [Cit.]" *Harper v. Phoenix Ins. Co.,* 106 Ga. App. 424, 426 (126 SE2d 916). Any construction that limits the indemnity provision to non-negligent acts of appellant renders meaningless the express limitation of liability arising from grossly negligent and willful acts of appellant. The construction urged by appellant, which includes indemnification from liability arising from all sources other than appellant's gross negligence or willful misconduct, is mandated by the plain and unambiguous words of the clause.

3. Relying on *Batson-Cook Co. v. Ga. Marble &c. Co.,* 112 Ga. App. 226 (144 SE2d 547), appellee contends that the contract must be construed to exclude appellant's negligence because the indemnity clause does not expressly state that it covers liability arising from appellant's negligence. "[C]onstruction [of a contract] allowing indemnification of the indemnitee against his own negligence is not against public policy *if, and only if,* such an intent is expressed in plain, clear and unequivocal terms. [Cits.] 'In the overwhelming majority of the cases the result[s] reached . . . can be condensed into the simple rule that where the parties fail to refer expressly to negligence in their contract such failure evidences the parties' intention not to provide for indemnity for the indemnitee's negligent acts.' [Cits.] . . . 'In the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter's own negligence.' [Cit.]" Id., p. 230. Accord, *McMichael v. Robinson,* 162 Ga. App. 67, 68 (290 SE2d 168); *Seaboard Coast Line R. Co. v. Freight Delivery Serv., Inc.,* 133 Ga. App. 92 (210 SE2d 42).

The flaw in appellee's argument, however, is that the indemnity provision in question does contain "explicit language," in the form of the express limitation, by which the parties' intention to cover liability arising from appellant's negligence is plainly stated. As in *Robert & Co. Assocs. v. Pinkerton &c. Co.*, 120 Ga. App. 29 (169 SE2d 360), the term "negligence" is not expressly used to describe the scope of the subject indemnity provision, but the provision "does disclose . . . an intent, in clear terms leaving no doubt as [to] the intention of the parties" (id., p. 33), to include indemnification for losses arising from appellant's negligence.

Accordingly, the trial court erred in granting appellee's motion for summary judgment. The trial court also erred in failing to enter summary judgment in favor of appellant on the issue of whether it is entitled to contractual indemnification from appellee for liability arising from appellant's negligence.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 16, 1983.

*Sewell K. Loggins, David R. Bundrick,* for appellant.
*William Lewis Spearman, James G. Jackson, William C. Tinsley II,* for appellee.