13767. DOWMAN-DOZIER MANUFACTURING CO. *v.* CENTRAL OF GEORGIA RAILWAY CO.

BROYLES, C. J. 1. While the petition charged the defendant railway company with wilful and wanton negligence, the specific facts stated in the petition do not warrant such a conclusion. "The legal conclusions of the court are to be drawn from the statements of fact contained in the pleadings, unaffected by the conclusions of the pleader." *Western Union Telegraph Co.* v. *Harris,* 6 *Ga. App.* 260 (2) (64 S. E. 1123), and citations.

2. The provisions of the contract between the plaintiff and the defendant railway company, exempting the railway company from liability for its negligence, were not void as contrary to public policy. *Hearn* v. *Central of Georgia Railway Co.,* 22 *Ga. App.* 1 (95 S. E. 368).

3. Under the above rulings, the court did not err in dismissing the petition on demurrer.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED NOVEMBER 14, 1922.

Action for damages; from city court of Atlanta — Judge Reid. June 1, 1922.

Alleging wilful and wanton negligence on the part of the railway company, the manufacturing company sued it for damage to a motor-truck which the petition alleged was struck by a "kicked" freight-car while on a spur or side-track that extended to the plaintiff's plant from the "industrial line" of the railway company. From the petition as amended it appears that the spur-track was constructed by the railway company under a written contract between the parties, containing a provision that the manufacturing company (described as "the tenant") "shall indemnify, save, and hold harmless the railway company . . from any and all loss, damage, injury, liability, or expense that may accrue to or against it by reason of . . destruction of or injury to . . any personal property belonging to any person, situated upon said track or right of way, or upon the plant of the tenant, or adjacent thereto, by fire or from any other cause whatsoever, whether the same shall be attributable to the negligence of the railway company or its employees." It is alleged that the contract, so far as it attempts to exempt the railway company from liability for damage sustained as a result of negligence, is void, because contrary to public policy.

The petition alleges, that an engine of the railway company, pulling a carload of freight for delivery to the plaintiff, was dis-

connected from the freight-car on the "industrial track," just before reaching a switch by which the car was to be switched on to the spur-track, the engine going ahead on the "industrial track," and the switch being turned so as to put the car on the spur-track, which was on a descending grade, and thus the car was "kicked" into and on the spur-track, with such momentum and speed that it ran into and practically wrecked the motor-truck mentioned; and this was done without notice or warning to the plaintiff; that the switch from the "industrial track" is located beyond the warehouse and around the end of it until near it and nearly at right angles with Murphy Avenue; so that the plaintiff's employees in the warehouse, loading the motor-truck, were unable to see the freight-car until it was too close for them to remove the truck; that the brakeman on the freight-car did not control and was unable to regulate the movement or speed of the car, because the brake was defective and failed to work; and that the defendant was recklessly and wilfully negligent in the following particulars: in "kicking" the freight-car from the "industrial track" to the spur-track in the manner stated above, such "kicking" being contrary to the rules and regulations of the defendant; in "kicking" the car without notice or warning to the plaintiff; in "kicking" the car without having sufficient devices and sufficient man-power on it to control its movement and speed in such manner as not to strike the motor-truck; and in "kicking" the car without having first examined to ascertain if the brake was in good working order, so that the brakeman could control the movement and speed of the car on the spur track. By amendment it was alleged that the defendant was guilty of wanton negligence in the particulars stated above; and a more detailed description was given of the situation, the grade of the spur-track, etc. It was alleged that Murphy Avenue, a public street of the city of Atlanta, was crossed by the spur-track between the defendant's "industrial track" and the plaintiff's warehouse; that the freight-car, when "kicked" across the street, attained such speed that it knocked the truck against the corner of the warehouse and considerably damaged the warehouse, knocked loose an obstruction placed at the end of the spur-track to stop cars, and knocked from its foundation a small house used by the plaintiff's employees; that not only was the plaintiff's property damaged, but its employees

were placed in great danger, and the safety of the general public using Murphy Avenue was placed in jeopardy by the acts stated, and that under the circumstances it was wanton negligence to " kick " the car in the manner alleged.

*Dodd & Dodd,* for plaintiff, cited: 12 *Ga. App.* 436; 7 *Ga. App.* 711; 119 *Ga.* 767; 22 *Ga. App.* 1 (distinguished).

*Little, Powell, Smith & Goldstein,* for defendant, cited: 22 *Ga. App.* 1; 6 *Ga. App.* 260(2) ; 29 Cyc. 509; 5 *Ga. App.* 562; 132 *Ga.* 559; Id. 813, c. 91 U. S. 489; 15 So. (Ala.) 508.