### 22871. KING *v.* SMITH.

DECIDED AUGUST 18, 1933.

*D. K. Johnston,* for plaintiff in error.

*Knight & Patterson, R. B. Pullen,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. Where, upon a former trial of a suit in a municipal court by a tenant against a landlord, for injuries to personal property on the rented premises, under a petition alleging that the injury was caused not only by negligence, but by the wilful and wanton acts and neglect of the defendant landlord and his agent, a nonsuit was granted, under a lease provision exempting the landlord from liability for property damage and from negligence, and upon certiorari the superior court entered a judgment remanding the cause for retrial merely for the reason stated that it "should have been submitted to the jury under proper instructions," but without indicating the controlling legal principles or the basis for the decision, which was not brought to this court; and where, after a retrial, upon a second certiorari a judgment rendered for the plaintiff was affirmed by a different superior court judge, without showing the grounds or reasons for his decision; and where, on writ of error to this court from the latter decision, the nature of the evidence at the former trial does not appear, and the record fails to indicate the legal principles involved in the former decision, this court can not determine what, if any, "law of the case" was fixed by the previous decision of the superior court. Accordingly, it can not be presumed in this case that the first superior-

court judge held or intended to .hold that the landlord, notwithstanding the exemption from liability under his lease, would be liable for ordinary negligence, since the petition charged not only such negligence, but wilful and wanton acts and omissions by the landlord and his agent. It does not appear whether the evidence in the first trial, tending to show wilfulness and wantonness, was greater, the same, or less than that in the present. Therefore this cause must be determined without reference to former decisions of the municipal court, its appellate division, or the superior court, upon the law applicable to the evidence and record now before this court.

2. "Laws made for the preservation of public order or good morals can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Civil Code (1910), § 10; Penal Code, § 5; *Hughes* v. *State,* 159 *Ga.* 818 (3) (127 S. E. 109). Except in cases prohibited by statute, or where a public duty is owed, as by a common carrier of goods or passengers, a party may by a valid contract relieve himself from liability to the other party for particular injuries or damages and for ordinary negligence; and such an agreement is not void as against public policy. *Hearn* v. *Central of Ga. Ry. Co.,* 22 *Ga. App.* 1, 3-7 (95 S. E. 368); *Dowman-Dozier Mfg. Co.* v. *Central of Ga. Ry. Co.,* 29 *Ga. App.* 187 (114 S. E. 815). Thus (by analogy to the instant waiver by a tenant of liability for damages against his landlord), one who receives a gratuitous pass from a railroad company, under which he agrees to relieve the company for injuries to his person or loss or damage to his property, is held bound by such an exemption, except as to damage  inflicted wilfully and wantonly (*Holly* v. *So. Ry. Co.,* 119 *Ga.* 767, 47 S. E. 188; *Lanier* v. *Bugg, 32 Ga. App.* 294, 296, 123 S. E. 145; Northern Pac. Ry. Co. *v.* Adams, 192 U. S. 440 (2), 24 Sup. Ct. 408, 48 L. ed. 513; *Charleston & Western Carolina Ry. Co.* v. *Thompson,* 13 *Ga. App.* 528, 80 S. E. 1097, s. c. 234 U. S. 576, 578, 34 Sup. Ct. 964; *Brooks* v. *Bugg, 34 Ga. App.* 761, 131 S. E. 365; *Wright* v. *Central of Ga. Ry. Co.,* 18 *Ga. App.* 290, 89 S. E. 457); but one may not be released by agreement or waiver from responsibility for acts of criminal negligence (*New* v. *So. Ry. Co.,* 116 *Ga.* 147, 42 S. E. 391, 59 L. R. A. 115); nor,

where the status of the parties creates a bailment as to the injured property, from acts or omissions caused by gross negligence, under the measure of liability controlling a gratuitous bailee. *Blitch v. Central of Ga. Ry. Co.*, 122 *Ga.* 711, 715 (50 S. E. 945). The allegations of the plaintiff tenant in the instant petition charge that the injury to his personal property was caused by the negligence and by the wilful and wanton acts and omissions of the landlord and his agent, and are not based upon the theory that the defendant was a bailee, or committed any act of criminal negligence.

3. "A landlord is not liable for injuries to his tenant arising from a patent defect in the premises, existing at the time of the lease, and of which the tenant knew or had means of knowing equal to those of the landlord, unless the rent contract stipulates to the contrary." *McGee v. Hardacre*, 27 *Ga. App.* 106 (107 S. E. 563). In the present case, so far as the injury from the escape of steam may have resulted merely from the readily observable defect in the pipe valve in the tenant's apartment, it was a patent defect, in which the rule stated would be a controlling factor in the question of liability. But so far as the injury was alleged and may have been proved to have resulted from the acts of the apartment janitor, as the defendant's agent, in continuing a fire in the furnace of the apartment building and allowing steam to continue to escape through such defect in the pipe after he knew or should have known the probable consequences, the question of liability must be determined independently of the legal rule relative to patent defects.

4. "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Civil Code, § 4268, par. 3. Consequently where, in this case, the lease contract contained provisions requiring the defendant landlord to heat the rented premises of the plaintiff tenant with steam heat, and giving to the landlord "the *right* to enter said premises during all reasonable hours, to examine the same, or to make such repairs . . as may be deemed necessary for the safety, comfort, or preservation thereof, or of said building," such clauses authorized but did not impose the duty upon the landlord or his agent to enter the tenant's premises to inspect and remedy the is-

suance of steam from a defective valve in a steam-pipe. And where, in addition to such provisions, the lease contained the general exemption, that "all personal property placed in the premises . . shall be at the risk of the lessee or owner, and lessor shall not be liable for any damage to said personal property, or to the lessee, arising from the . . leaking of water or steam-pipes, or from any act of negligence of any cotenant or occupants of the building, or of any other person whomsoever," these clauses were valid, and expressly relieved the landlord from damages on account of the "leaking of water or steam-pipes," as well as from "any act of negligence" by any "person whomsoever." Such exemption included the landlord and his agent on the rented premises, even if their failure to enter the plaintiff's apartment to remedy the steam conditions may have constituted simple or ordinary negligence,—as to which the evidence was in conflict. See *Capital Wall Paper Co.* v. *Callan Court Co.,* 38 *Ga. App.* 428 (144 S. E. 135); Gralnick *v.* Magid, 292 Mo. 391 (238 S. W. 132, 28 A. L. R. 1530, 1536).

5. Under the preceding rulings, the valid exemption in the lease contract effectively released the defendant from all liability for injury to the tenant's goods on account of ordinary negligence, including all acts and omissions as charged in the petition, except those which constituted wilfulness and wantonness. To make an act wilful or wanton, specific facts must be alleged and proved. *Dowman-Dozier Mfg. Co.* v. *Central Ry. Co.,* supra. The conduct of the defendant must be "such as to evidence a wilful intention to inflict the injury, or else so reckless or so charged with indifference to the consequences . . as to justify the jury in finding a wantonness equivalent in spirit to actual intent." *Central of Ga. Ry. Co.* v. *Moore,* 5 *Ga. App.* 562, 565 (63 S. E. 642); *Lanier* v. *Bugg,* supra; *Forster* v. *So. Ry. Co.,* 39 *Ga. App.* 216 (2) (146 S. E. 516). The evidence in this case was insufficient to establish the quality of wilfulness or wantonness in the acts and conduct complained of. Moreover, the trial judge, while stating to the jury the allegations with reference to wilfulness and wantonness, did not charge the law with reference thereto, and the case was submitted on the question of ordinary negligence.

6. The judge charged the jury that the exemption in the lease, quoted in the 4th paragraph of this decision, "would not be

a release or discharge of the liability of the defendant, if you should find that plaintiff's property was damanged as a direct result of the negligence of the defendant. I have heretofore defined to you what the law means by negligence, and I will not at this time repeat it." Previously the court had defined ordinary care and told the jury that this was the standard which they should apply in determining the defendant's liability, and whether the exemption clause would relieve him. The instruction was erroneous in telling the jury in effect that the exemption would not release the defendant from liability for ordinary negligence. There being no sufficient evidence of wilfulness or wantonness, a finding for the defendant on that issue was demanded, and the defendant was entitled to a directed verdict or an instruction that the lease exemption released him from liability. Had there been sufficient evidence of wilfulness and wantonness to go to the jury, the correct rule as to the lease exemption should have been charged, that it would relieve the defendant from liability for injuries to the plaintiff's property caused by his ordinary negligence, but would not relieve him from liability for wilfulness and wantonness, if they should find that the damages complained of were caused by the wilful or wanton acts or conduct of the defendant, as charged in the petition. The reference to wilfulness and wantonness was not required under the evidence at the last trial; but the correct rule is stated, in the event that in a retrial of the cause, the evidence should make such an instruction proper.

7. Other grounds of the motion for a new trial are covered by the preceding rulings, or present questions not likely to recur in a new trial.

*Judgment reversed. Stephens and Sutton, JJ., concur.*