33151. ROBERTSON *v.* NAT KAISER INVESTMENT CO. *et al.*

DECIDED SEPTEMBER 14, 1950. REHEARING DENIED OCTOBER 6, 1950.

418

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* for plaintiff.

*B. Hugh Burgess, James K. Rankin, J. Winston Huff, Powell, Goldstein, Frazer & Murphy,* for defendants.

FELTON, J. Paragraph 6 of the plaintiff's petition alleges that the grating over which she tripped was "constructed by or at the direction of or for the benefit of" the Nat Kaiser Investment Company. Pleadings in the disjunctive and alternative are construed most strongly against the pleader (*Doyal v. Russell,* 183 *Ga.* 518, 189 S. E. 32), and in applying such principle to the above pleading it merely alleges that the grating was constructed for the benefit of the defendant Investment Company. The fact that the plaintiff in her specific allegations of negligence alleges that the defendant Investment Company was negligent in erecting and constructing or causing to be erected or constructed the iron grating does not remove the ambiguity. Under such allegations it could be construed to mean that the tenant or the city constructed the grating for the benefit of the Investment Company without the knowledge, consent, co-operation of or notice to the defendant landlord. In order for a landlord to be liable for injuries sustained, due to a faulty construction of a part of his premises constructed by some other person *not acting under his supervision or direction,* it must appear that he actually knew or by the exercise of ordinary care could and should have known of the improper construction *before the tenancy was created. Dobbs v. Noble,* 55 *Ga. App.* 201, 203 (189 S. E. 694). Unless the landlord retains some control or right of control, or assumes control over the premises, he is ordinarily not under a duty to inspect the condition of such premises while the tenant is in possession, and the landlord is not liable for a defective construction not made by him or under his direction, or for a failure to make repairs, unless and until he is given notice or obtains actual knowledge of the condition, or assumes, by his own initiative, to repair or remedy the defect. *Dobbs v. Noble,* supra. In view of these principles of law, the plaintiff's petition does not state a good cause of action against the landlord, Nat Kaiser Investment Company. Construing the allegations of the petition most strongly against the plaintiff, it alleges construction of the defective grating by someone other than the defendant landlord after the term of tenancy began as there is no allegation as to when the tenancy of Liggett Drug Company Inc. began. Nor

can it be construed to mean that the landlord knew of the defective construction by another party after the creation of the tenancy as the plaintiff 'alleges that the defendant landlord knew or should have known in the exercise of ordinary care, and such allegation only alleges implied notice where actual notice or knowledge is necessary to impose liability on the landlord.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*