## 43969.  KRAFT FOODS v. DISHEROON et al.

PANNELL, Judge.  David L. Disheroon brought an action against Kraft Foods, a division of National Dairy Products Corp., alleging that he had been injured by the negligent acts of Kraft Foods while working as an employee of Johnson Service Company, a subcontractor of Cleveland Consolidated, Inc., and was injured while doing work on the contract in making certain improvements on the building of Kraft Foods. This contract between Kraft Foods and Cleveland Consolidated, Inc., contained an indemnity agreement on the part of Cleveland Consolidated, Inc., as follows: "[The contractor shall indemnify and save harmless the owner and the architect from and against any and all loss, cost, damage, expense and liability, including statutory liability, in connection with claims (including claims arising from the condition of the owner's premises or of any street or sidewalk on or adjacent to the owner's premises) for damages sustained by anyone whomsoever as a result of injury to or death of any person or damage to any property howsoever caused and wheresoever occurring, whether or not due in whole or in part to negligence of the owner or the architect, which arise from or in any manner grow out of any operation or activity under or in connection with the contract by any party whosoever and wheresoever occurring] or which arise from or in any manner grow out of any act or omission, on or about the owner's premises, of the contractor or of any subcontractor or of anyone contracted with or employed by the contractor or any subcontractor, or which arise from or in any manner grow out of any defect in the work or any failure to comply with the contract.  In case any action or proceeding is brought against the owner or the architect by reason of any such claim or by reason of any other claim or matter with respect to which the contractor is obligated to indemnify and save harmless the owner, then the contractor, upon notice from the owner or the architect, shall defend such action or proceeding at his own expense by counsel satisfactory to the owner, shall pay all costs incurred by the owner or the architect, and shall pay and discharge any judgment or decree which may be entered against the owner or the architect." (Brackets supplied.)

Plaintiff was on a stepladder installing pressure-reducing valves on a heating and cooling system when a conveyor system

"train," which automatically ran a certain path in the Kraft Foods plant, struck the ladder, causing plaintiff to fall and sustain certain described injuries.

Kraft Foods filed a motion to make Cleveland Consolidated, Inc., a party and that it be required to defend the action, and a summons was served upon Cleveland Consolidated, Inc., requiring them to answer the motion. Cleveland Consolidated, Inc., answered, alleging first that the motion failed to state a claim for which relief prayed for may be granted, and secondly, that the operation of the conveyor system was in no wise connected with the work to be performed, had no connection therewith, and was in no wise pertinent to the work contracted to be performed under the contract; and that the operation of the conveyor system was the proximate cause of the injury rather than the operation or activity under or in connection with the contract and that for this reason the indemnity agreement was not applicable. The prayers were that the motion to make Cleveland Consolidated, Inc., a party be denied and that it be dismissed. In addition, Cleveland Consolidated, Inc., filed a motion for summary judgment as to the motion to make it a party, attaching thereto an affidavit as to how the injuries to the plaintiff occurred. The trial judge, after a hearing, sustained the motion for summary judgment and denied the motion of the defendant Kraft Foods to make Cleveland Consolidated, Inc., a party. Kraft Foods appeals to this court. *Held:*

"The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." *Code* § 20-702. The language of the contract quoted above has an absence of punctuation that may possibly make a construction more difficult; however, we think that those portions of the contract in brackets are the pertinent provisions to be here applied. A very good discussion of indemnity agreements is contained in the case of *Batson-Cook Co. v. Ga. Marble &c. Co.*, 112 Ga. App. 226 (144 SE2d 547). In that case, the indemnity contract was held not to indemnify the indemnitee as to its own negligence, based primarily on the absence of express provisions in the contract so stating. The contract involved in the present case specifically provides for indem-

634

nity for injuries "howsoever caused and wheresoever occurring, whether or not due in whole or in part to negligence of the owner or the architect, which arise from or in a manner grow out of any operation or activity under or in connection with the contract by any party whomsoever and wheresoever occurring." So here, as distinguished from *Batson-Cook Co. v. Ga. Marble &c. Co.*, supra, it *is* "expressed plainly, clearly and unequivocally, in sufficient, specific words," that this contract indemnifies the indemnitee owner for its own negligence. Appellant contends, however, that the phrase immediately following "which arises from or in a manner grow out of any operation or activity under or in connection with the contract by any party whomsoever and wheresoever occurring" limits the indemnity to injuries proximately caused by operation or activity under or in connection with the contract. In our opinion, the phrases "arise from" and "grow out of" and "in connection with" even if susceptible of that meaning appearing alone, cannot be so construed when considered in connection with the words and language immediately preceding. The injury here (although not the negligence) did arise from and grow out of the performance of the contract. If the plaintiff were seeking workmen's compensation, we would most certainly hold that his injury arose from, grew out of, and was in connection with, his employment, even though caused solely by the negligence of another party other than the employer. We see no reason to limit this language to refer to negligent activity or negligent performance of the contract solely, and thus eliminate from the indemnity contract any indemnity for negligence on the part of the owner when such indemnity is expressly provided. We will not read such indemnity in when it is not provided, neither will we read it out when it is provided. The parties are free to so contract except in cases prohibited by statute or where a public duty is owed. *Batson-Cook Co. v. Ga. Marble &c. Co.*, supra, p. 229. We must hold, therefore, that the trial court erred in overruling the motion of Kraft Foods to make Cleveland Consolidated, Inc., a party and erred in sustaining Cleveland Consolidated, Inc.'s motion for summary judgment on the motion to make it a party.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*
Argued October 9, 1968—Decided November 8, 1968.

J. Corbett Peek, Jr., Glenville Haldi, for appellant.

Davis & Stringer, Thomas O. Davis, Grizzard & Simons, James Grizzard, Wilson Brooks, for appellees.