43958. GOUGH v. LESSLEY et al.

ARGUED OCTOBER 7, 1968—DECIDED MARCH 4, 1969.

*Birnbrey & Kresses, Sid M. Kresses, Jay Gold,* for appellant. *Bryan, Carter, Ansley & Smith, M. D. McLendon, Wall & Campbell,* for appellees.

EBERHARDT, Judge. The question raised in this appeal is whether the contract between Chuckrow and Gough clearly and unequivocally imposes liability upon Gough, the subcontractor, to indemnify Chuckrow, the contractor, for a loss sustained by the latter as a result of its own proven negligence, or whether the indemnity language is ambiguous in this respect. The agreement provides in paragraph 22:

"Indemnity Agreement. The subcontractor [Gough] hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatever (including death resulting therefrom) to all persons, whether employees of the subcontractor or otherwise, and to all property caused by, resulting from arising out of, or occurring in connection with the execution of the work provided for in this contract; and if any person shall make a claim for any damage or injury (including death resulting therefrom) as hereinabove described, *whether such claim may be based upon the contractor's alleged active or passive negligence or participation in the wrong or upon any alleged breach of any statutory duty or obligation on the part of the contractor,* the subcontractor agrees to indemnify and save harmless the contractor, its agents, servants, and employees from and against any and all loss, expense, damage or injury that the contractor may sustain as a result of any such claims and the subcontractor agrees to assume, on behalf of the contractor, the defense of any action at law or in equity, which may be brought against the contractor upon such claim and to pay on behalf of the contractor, upon its demand, the amount of any judgment that may be entered against the contractor in any such action." (Emphasis supplied).

We recently reviewed the authorities on this subject in *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547), and there reiterated that the parties may validly provide for indemnity of the indemnitee for the latter's own future acts of negligence, provided the intention to indemnify the indemnitee for its own negligence be expressed plainly, clearly and unequivocally in sufficiently specific words, and in stating the test to be applied in this respect we quoted from 175 ALR 8, 30: "In the overwhelming majority of the cases the

result reached by [the courts'] interpretational efforts can be condensed into the simple rule that where the parties fail to refer expressly to negligence in their contract such failure evidences the parties' intention not to provide for indemnity for indemnitee's negligent acts." Since the contract in the *Batson-Cook* case failed to refer expressly to the losses caused by the indemnitee's own negligent acts, and such an intent could not otherwise be found, we held that the indemnity agreement did not cover that situation. Compare *Dowman-Dozier Mfg. Co. v. Central of Ga. R. Co.*, 29 Ga. App. 187 (114 SE 815), in which we upheld the dismissal of a petition brought by the indemnitor seeking damages for the indemnitee's negligence where the agreement provided for indemnity for loss "whether the same shall be attributable to the negligence of the railway company [indemnitee] or its employees." Accord: *Hearn v. Central of Ga. R. Co.*, 22 Ga. App. 1 (95 SE 368); *Blitch v. Central of Ga. R. Co.*, 122 Ga. 711 (50 SE 945).

In this case the italicized part of the indemnity agreement quoted above supplies the definiency of the agreement in *Batson-Cook*. It is contended, however, that under the phrase "the contractor's *alleged* active or passive negligence" indemnification is in order only where negligence of the contractor is alleged but not proved. Whatever is meant by this argument, it is without merit inasmuch as the agreement does not provide for indemnification against damages sustained by the contractor as the result of the *contractor's alleged negligence,* as contended by the subcontractor, but rather indemnifies against loss sustained as a result of a *claim based upon* his alleged negligence.

Nor is there any merit in Gough's contention that his only obligation under the contract was to supply incidental materials to the job and to supply labor to work under the immediate supervision and control of Chuckrow, so that some supposed ambiguity could accrue with respect to indemnification for damage "resulting from, arising out of, or occurring in connection with the execution of the work provided for in this contract. . . ." Gough agreed to perform the carpentry work required by the drawings and specifications, and a part of the carpentry work was the assembly and erection of the wooden trusses which fell

on Lessley. See *Robert Chuckrow Construction Co. v. Gough,* 117 Ga. App. 140 (159 SE2d 469), where we held that Gough could not recover additional sums for removing, rebuilding and re-erecting the fallen trusses under a parol agreement since he was already obligated under the written contract to erect and properly place the trusses.

We find the indemnity agreement to be clear and unambiguous, and the trial court properly granted the motion for summary judgment based thereon.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*