44243, 44244. SCARBORO ENTERPRISES, INC. et al. v. HIRSH (two cases).

ARGUED FEBRUARY 3, 1969—DECIDED MAY 19, 1969—
REHEARING DENIED JUNE 26, 1969.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr.,* for appellants.

*Bergman & Meyers, Stewart Meyers,* for appellees.

QUILLIAN, Judge. 1. The plaintiff alleged that the defendants knew, or by the exercise of ordinary care should have known of the condition of the defective construction. While in the case of defective construction the landlord's knowledge of such defect is conclusively presumed, this is true only if the construction was accomplished by the landlord or under his supervision or direction. *Dobbs v. Noble,* 55 Ga. App. 201, 203 (189 SE 694) ; *Robertson v. Nat Kaiser Invest. Co.,* 82 Ga. App. 416, 419 (61 SE2d 298). As has been stated many times by our appellate courts: "A landlord is liable for injuries to his tenant arising from latent defects unknown to the tenant, existing at the time of the lease, provided the landlord actually knew, or in the exercise of ordinary care on his part might have known, of their existence." *Downs v. Powell,* 215 Ga. 62 (1) (108 SE2d 715) ; *National Distributing Co. v. Ga. Industrial Realty Co.,* 106 Ga. App. 475, 477 (127 SE2d 303) ; *Bazemore v. Burnet,* 117 Ga. App. 849, 851 (161 SE2d 924).

The proof adduced relative to this allegation was as follows: The president of the defendant Wight stated in the affidavit that the defendant Wight contracted with a third party who added the metal steps to the rear of the building; that the steps were designed by the third party and all matters concerning construction thereof were left to it; that the steps were built, constructed, erected and added to the building completely by the third party and neither the defendant Wight nor the defendant Scarboro was involved in the supervision or construction of the building, and in the erection and building of the steps.

An expert witness for the plaintiff testified by affidavit that the steps were defective as attached to the wall since they were not properly supported from the ground; that the defective construction was one that could not have been seen by a party that was not involved in the original construction of the stairway to the wall, "for the reason that a person would have to be an original party to the construction in order to know how far the bolts go into the wall and whether or not the bolts were fastened into a plate in the side of the wall." The plaintiff admitted that he knew nothing of the construction of the stairs and was unaware who built the stairs since they were constructed prior to the time he entered into the lease.

On the motion for summary judgment the rule is well established that: "The burden is upon the moving party, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence." *Internat. Brotherhood &c. v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298); *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672). Moreover, opinion evidence is never sufficient to require the grant of a summary judgment. *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395). The proof offered was insufficient to pierce the allegation that the defendant knew or should have known of the defective condition. While it tended to refute the allegation that the steps were constructed under the defendant's direction and control (however, see in this connection *Code* § 105-502 (4) in conjunction with *Code* §§ 61-111 and 61-112; *Millard v. AAA Electrical Contractors, &c.,* 119 Ga. App. 548 (3) (167 SE2d 679)), there is nothing to show, as a matter of law, that the defendant did not have knowledge of the defective condition prior to and at the time the lease was executed. Thus a jury question was presented as to this issue.

2. The defendants contend that the plaintiff expressly waived and contracted away any duty on their part to conform to a standard of conduct in their relationship with him. They argue that the following provision in the lease is controlling: "The lessee agrees to indemnify and save harmless the lessor against all claims for damages to persons or property by reason of the use or occupancy of the leased premises, and all the expenses incurred by lessor because thereof, including attorneys fees and court costs." In support of the contention the appellants cite, among others, *Carter v. Noe,* 118 Ga. App. 298 (1) (163 SE2d 348), which held: "A provision in a lease agreement that 'renters hereby release owner and her agents, from any and all damages to both person and property and will hold them harmless from all such damages during the period of this lease' will preclude such lessee from holding the lessor liable in damages for injury to person or property because of negligence and failure to maintain and keep in proper repair the leased premises, regardless of whether or not the duty to maintain and repair was an obligation of the landlord generally."

The *Carter* case is not controlling in the case sub judice because the lease there expressly provided that the tenant released the landlord. The instant provision is styled an indemnity provision. It is well settled that, in a contract of this nature, any ambiguous provision is to be construed against the party who drew it and this is especially true regarding indemnity or exculpatory clauses. *Farm Supply Co. v. Cook*, 116 Ga. App. 814, 818 (159 SE2d 128); *Covington v. Brewer*, 101 Ga. App. 724, 729 (115 SE2d 368); *Ins. Co. of N. A. v. Gulf Oil Corp.*, 106 Ga. App. 382, 388 (127 SE2d 43); *Parkhill Trust Fund v. Carroll*, 115 Ga. App. 108, 110 (153 SE2d 615). As pointed out in *Batson-Cook Co. v. Ga. Marble &c. Co.*, 112 Ga. App. 226, 230 (144 SE2d 547), "in the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter's own negligence." Thus, there being no express language requiring a finding that this provision acted to release the landlord from its acts of negligence, we will not so hold.

The trial judge did not err in denying the motions for summary judgment.

*Judgments affirmed. Felton, C. J., and Pannell, J., concur.*