## 49765. SEABOARD COAST LINE RAILROAD COMPANY v. FREIGHT DELIVERY SERVICE, INC.

EBERHARDT, Presiding Judge.

Seaboard entered into a drayage contract with Freight Delivery wherein the latter agreed to perform certain hauling, removing and loading of trailers (piggyback) as they came into Seaboard's rail yard. It was in the performance of such service on October 8, 1968 that a trailer, loaded with beef hanging from the ceiling, was being moved within the yard by one of Freight Delivery's drivers by one of its tractors, at the request of Seaboard. The trailer tires went into a ditch causing the load to swing, and the trailer overturned damaging both the trailer and the freight, both of which were owned by Seaboard.

Pertinent provisions of the drayage contract between Seaboard and Freight Delivery are: "5. Liability Provisions: (a) The Contractor will indemnify and save harmless the Railroad from and against all loss, damages, costs and expenses, including attorneys' fees, claims, demands and causes of action on account of (i) injury to or death of all persons and loss of or damage to property caused by or resulting in any manner from any acts or omissions, negligent or otherwise, of the Contractor . . . in performing . . . any of the services or duties on the part of the Contractor to be performed under this contract . . . The Contractor's liability for freight handled hereunder, while such freight is in the possession of the Contractor, shall be that of an insurer."

At the trial before a jury Seaboard sought damages for both the trailer and the freight and proceeded on two theories, both of which are controlled by the above-quoted portion of the contract: (1) as to the freight loss, Freight Delivery was absolutely liable as an "insurer" or at least had an extraordinary degree of care as though a common carrier; (2) as to the trailer damage, Freight Delivery was liable for its "acts or omissions, negligent or otherwise."

At the close of the evidence, Seaboard moved for a directed verdict *as to the freight loss,* but it was denied.

Freight Delivery moved for a directed verdict generally as to the whole case, and it was granted.

Seaboard had also joined as a party defendant to the action Associated Indemnity Corporation which had issued an indemnity policy to Freight Delivery as required by the contract for Seaboard's protection. The trial court dismissed the claim against Indemnity as being premature. *Held:*

1. Seaboard's motion for directed verdict as to the freight loss should not have been granted. " 'Except in cases prohibited by statute, or where a public duty is owed, as by a common carrier of goods or passengers, a party may by a valid contract relieve himself from liability to the other party for particular injuries or damages and for ordinary negligence; and such an agreement is not void as against public policy. *Hearn v. Central of Georgia R. Co.,* 22 Ga. App. 1, 3-7 (95 SE 368); *Dowman-Dozier Mfg. Co. v. Central of Ga. R. Co.,* 29 Ga. App. 187 (114 SE 815).' *King v. Smith,* 47 Ga. App. 360, 364 (2) (170 SE 546)." *Batson-Cook Co. v. Georgia Marble &c. Co.,* 112 Ga. App. 226, 229 (144 SE2d 547). Georgia L. 1970, p. 441 can have no effect upon the situation here for that Act operates in futuro only. *Robert & Co. Associates v. Pinkerton & Laws Co.,* 124 Ga. App. 309 (183 SE2d 628).

The evidence clearly shows that Freight Delivery, through its driver, had possession of the freight at the time of the accident. The phrase "in the possession of the contractor" would be meaningless if it did not apply to this situation.

However, we do not believe the word "insurer" in the same sentence as used to describe Freight Delivery's liability to Seaboard for freight loss can be construed to impose absolute liability to include even Seaboard's own negligence. Neither that sentence, nor the remainder of the language in the contract pertaining to freight loss, meets the test of *Batson-Cook,* supra, that for an indemnification clause to include the negligence of the indemnitee it must be "expressed plainly, clearly, and unequivocally, in sufficient words . . ." There are cases involving contracts whose language leaves no doubt that the intention of the parties therein was to include in the

indemnification clause the indemnitee's own negligence. See *Robert & Co. Associates v. Pinkerton & Laws Co.,* 120 Ga. App. 29 (169 SE2d 360); *Gough v. Lessley,* 119 Ga. App. 275 (166 SE2d 893); *Kraft Foods v. Disheroon,* 118 Ga. App. 632 (165 SE2d 189); *Dowman-Dozier Mfg. Co. v. Central of Ga. R. Co.,* 29 Ga. App. 187, supra. And there are other cases involving indemnity clauses more explicit than the mere word "insurer" wherein the clause was not found to include the indemnitee's negligence. *Massee & Felton Lumber Co. v. Georgia & Florida R.,* 143 Ga. 173 (84 SE 468); *Scarboro Enterprises v. Hirsh,* 119 Ga. App. 866 (169 SE2d 182); *Batson-Cook Co. v. Georgia Marble Setting Co.,* 112 Ga. App. 226, supra; *Bohannon v. Southern R. Co.,* 97 Ga. App. 849 (104 SE2d 603).

Seaboard nevertheless contends that the word "insurer" at least imposes the duties of a common carrier on Freight Delivery as to the freight loss. Seaboard does not contend that Freight Delivery was a common carrier (Code § 18-101; *Fish v. Chapman & Ross,* 2 Ga. 349; *McIntyre v. Harrison,* 172 Ga. 65 (157 SE 499)), only that it "contractually assumed the duties of a common carrier." Conceding that Freight Delivery is a private motor carrier, the question becomes what was the intent of the parties as to Freight Delivery's duty of care for freight losses. The parties to a contract may establish by its terms any subject matter in which they have an interest so long as it is not prohibited by statute or public policy, *Brown v. Five Points Parking Center,* 121 Ga. App. 819, 821 (175 SE2d 901), and this rule applies to the standard of care owed by each party to the contract so long as it does not affect duties owed to third parties or the public. See e. g., *State Const. Co. v. Johnson,* 88 Ga. App. 651 (3) (77 SE2d 240); 17 CJS Contracts § 262 (1955). It is clear that the parties intended that Freight Delivery's duty of care would be more than ordinary, otherwise the sentence would be meaningless. " 'Under the rules governing the construction of contracts all provisions contained therein are presumed to be inserted with a purpose, and are to be given some meaning. A contract, unless its terms necessarily require it, will not be so construed as to render useless and meaningless a particular provision in the contract.' *Aetna Ins. Co. v.*

*Martin,* 64 Ga. App. 789, 794 (14 SE2d 161)." *Harper v. Phoenix Ins. Co. of Hartford,* 106 Ga. App. 424, 426 (126 SE2d 916). We think it is fair to conclude that Freight Delivery's duty of care under this provision was extraordinary. As in the case of common carriers, Seaboard is nevertheless subject to the affirmative defense of contributory negligence, pled by Freight Delivery. See *Loo-Mac Freight Lines v. American Type Founders,* 100 Ga. App. 203 (110 SE2d 566).

As neither Freight Delivery's negligence nor Seaboard's contributory negligence can be decided as a matter of law from this record, jury questions remain and it was error to direct a verdict.

2. Seaboard did not move for directed verdict as to the damage to its trailer, but relied on subdivision (i) of paragraph 5 whereunder it contended that Freight Delivery's duty of care as to property damage was ordinary and that the evidence of negligence on the part of Freight Delivery at least presented a fact issue for the jury. We agree.

"Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases [cases cited]." *Eubanks v. Mullis,* 51 Ga. App. 728, 730 (181 SE 604). Here again the questions of the negligence of Freight Delivery's driver in operating the tractor at the time of the accident, and the negligence of Seaboard in warning (or failing to warn) the driver of the nature of the freight were properly for the jury and cannot be decided as a matter of law on this record.

3. Seaboard also enumerates as error the dismissal of Indemnity from the action. An insurer may not be joined as a party defendant with the insured and sued directly, *Arnold v. Walton,* 205 Ga. 606 (54 SE2d 424), *Russell v. Burroughs,* 183 Ga. 361 (188 SE 451), unless a judgment has previously been obtained against the insured which is unsatisfied or liability has been otherwise fixed, *Arnold v. Walton,* 205 Ga. 606, supra; *Hodges v. Ocean Accident &c. Corp.,* 66 Ga. App. 431 (18 SE2d 28), or unless a provision in the policy permits it, *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (1) (112

SE2d 194), or unless specifically permitted by statute as in the case of common carriers and contract motor carriers, *Arnold v. Walton,* 205 Ga. 606, supra; *Great American Indemnity Co. v. Vickers,* 183 Ga. 233 (188 SE 24) (direct action without joinder of insured).

The Motor Carriers Act of 1931 (Ga. L. 1931, pp. 199, 203) was changed in 1937 (Ga. L. 1937, pp. 730, 731 (Code Ann. § 68-612) and Ga. L. 1937, pp. 727, 728 (Code Ann. § 68-509)) making it "permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract." *Arnold v. Walton,* 205 Ga. 606, supra; see also *Roadway Express v. Jackson,* 77 Ga. App. 341 (3) (48 SE2d 691); *Maryland Casualty Co. v. Dobson,* 57 Ga. App. 594 (196 SE 300).

Freight Delivery, a contract motor carrier here, contends that it is specifically excepted from the Act by Ga. L. 1931, Ex. Sess. pp. 99, 100; 1931, pp. 199, 213; 1933 pp. 198, 199, as amended by Ga. L. 1963, p. 365 (Code Ann. § 68-502(c)(3)) which excludes from the definition of motor carrier "Taxicabs, drays, trucks, busses and other motor vehicles which operate within the corporate limits of municipalities and are subject to regulation by the governing authorities of such municipalities . . ."

If Freight Delivery is a dray and is "subject to regulation" by a municipality the record is devoid of any such proof. Indemnity has therefore failed to support its alleged exemption from the statute, and since there is no evidence of exemption, it may be joined as a party defendant under the statute. It was error to dismiss Indemnity from the case.

*Judgment reversed. Deen and Stolz, JJ., concur.*

ARGUED SEPTEMBER 30, 1974 — DECIDED OCTOBER 21, 1974.

*Troutman, Sanders, Lockerman & Ashmore, Mark S. Kaufman, Ezra H. Cohen,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr., F. Clay Bush,* for appellee.