## 50329. SOUTHERN PROTECTIVE PRODUCTS COMPANY v. LEASING INTERNATIONAL, INC.

MARSHALL, Judge.

This appeal involves a lease agreement between the appellant plaintiff in the lower court and the appellee defendant in the lower court, wherein the plaintiff leased two trucks, a GMC van on October 30, 1972, and a Dodge truck on November 28, 1972. Both trucks were leased under a master lease agreement executed by the parties prior to the actual leasing of these two trucks. The drive shaft "flew off" the Dodge truck on three separate occasions while being operated by the plaintiff and caused damage to nearby vehicles owned by plaintiff. Plaintiff brought suit against the defendant seeking the cost of repairs for the other vehicles, the cost of renting a replacement truck while the Dodge truck was being repaired, and those costs of repairs to the Dodge not covered by the manufacturer's warranty.

The defendant answered the complaint and filed a counterclaim against the plaintiff for the latter having prematurely terminated the lease of the GMC van. It appears that the plaintiff had returned the GMC van to the defendant in October, 1973, two years prior to the expiration of the lease on this vehicle. Plaintiff contends that it was told by an employee of the defendant that the

premature termination of the lease would result only in a loss of plaintiff's security deposit on the van. The defendant, however, counterclaimed for its damages caused by the premature termination under the terms of the contract over and above the loss of the plaintiff's security deposit.

The defendant moved for summary judgment as to both the plaintiff's claim and its counterclaim, and attached to the motion a copy of the master lease agreement, the GMC lease order showing a three-year leasing term, the manufacturer's warranty for the Dodge truck, and other evidence and affidavits. The plaintiff did not respond by affidavits or otherwise, and after a hearing, the trial judge entered a judgment in favor of the defendant as to the plaintiff's complaint and as to its counterclaim. *Held:*

1. Even though the plaintiff did not submit evidence in opposition to the defendant's motion for summary judgment, the granting of the motion is not "appropriate" within the meaning of Rule 56 (e), CPA (Code Ann. § 81A-156 (e)), unless "the moving party is entitled to a judgment as a matter of law." Rule 56 (c), CPA (Code Ann. § 81A-156 (c)). We must therefore "carefully scrutinize" the movant's papers to determine whether it is entitled to judgment as a matter of law, regardless of the opponent's response or lack thereof. *Henderson v. Atlanta Transit System,* 133 Ga. App. 354 (1) (210 SE2d 845); *Ray v. Webster,* 128 Ga. App. 217 (196 SE2d 175); *Watkins Products Co. v. England,* 123 Ga. App. 179 (3) (180 SE2d 265); *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672); 6 Moore's Federal Practice (2d Ed.) § 56.23.

2. It is not a prerequisite for the review of the enumerated errors, that the plaintiff object to or make an issue of these errors at the trial below, when the alleged errors are asserted as reasons why the trial court should not have granted the defendant's motion for summary judgment. Rule 56 (h), CPA (Code Ann. § 81A-156 (h)).

3. As to the Dodge truck, the plaintiff claims its damages were the result of the defendant's breach of the bailor's warranty of Code § 12-204, in that the truck was not "free from any secret fault" and was "unfitted for the purpose for which it [was] hired." The defendant claims

that such warranty was disclaimed by the following language in the master lease agreement: "2. *Maintenance and Repairs.* Lessee shall keep and maintain each vehicle in good operating condition and working order . . . Lessor will be responsible for such maintenance costs as are assumed by it on Lessee's Order and except for such costs, Lessee will pay for all maintenance not covered by the manufacturer's warranty . . . 8. *Indemnity.* Lessee shall defend, indemnify and hold harmless Lessor . . . from and against any damage, loss, theft, or destruction of any vehicle, and against all losses, . . ., damages, . . ., costs and expenses of every kind and nature . . . arising out of and in connection with the use, condition or operation of vehicles during the lease term. 9. *Lessee's Damages.* Lessor shall not be responsible to Lessee, . . . for any loss of business or other damage caused by any interruption of the service herein to be furnished by Lessor, or for the time lost in the repairing or replacing of any vehicles, . . . nor for any other losses or damages sustained by Lessee hereunder, except as specifically provided in Lessor's undertaking in this Agreement . . ."

The above language pertaining to maintenance and repairs appears to apply only to routine maintenance items, and not such extraordinary repairs as were required in the present case. Furthermore, the defendant failed to include the "Lessee's Order" for the Dodge truck, so we cannot determine what maintenance cost it assumed under this language.

However, in the remaining language above quoted, we find that defendant has legally disclaimed liability for the damages claimed by plaintiff. It has been held that similar exculpatory clauses "are not favored by the law and will be strictly construed against the indemnitee." *Carlton v. Hoskins,* 134 Ga. App. 558; *Ragland v. Rooker,* 124 Ga. App. 361 (183 SE2d 579). "The liability of a lessor may be exculpated by such a clause, even when the damage is caused by the lessor's own negligence, as long as the exculpatory clause is not contrary to public policy and explicitly shows an intent to include the lessor's own negligence, and that negligence does not amount to wilful and wanton misconduct." *Redfern Meats v. Hertz,* 134 Ga. App. 381.

The language in this disclaimer is not contrary to public policy. See e. g. Ga. L. 1970, p. 441 (Code Ann. § 20-504); Code § 18-101 et seq.; *Hearn v. Central of Ga. R. Co.*, 22 Ga. App. 1, 3 (95 SE 368); *Dowman-Dozier Mfg. Co. v. Central of Ga. R. Co.*, 29 Ga. App. 187 (114 SE 815). Nor does plaintiff enumerate as error any theory of recovery based on negligence, so the absence of the word "negligence" from the disclaimer language is not relevant as it was in *Gough v. Lessley,* 119 Ga. App. 275 (166 SE2d 893), *Batson-Cook Co. v. Georgia Marble Setting Co.,* 112 Ga. App. 226, 230 (144 SE2d 547) and *Bohannon v. Southern R. Co.,* 97 Ga. App. 849, 850 (104 SE2d 603). Nor does the plaintiff claim that its damages were caused by acts of wanton and wilful misconduct by defendant. See e.g. *Brady v. Glosson,* 87 Ga. App. 476 (74 SE2d 253); *King v. Smith,* 47 Ga. App. 360 (2) (170 SE 546).

The question presented by plaintiff in this appeal is whether the intent of the parties, as expressed in this language, was to exclude defendant's warranty duty under Code § 12-204. The language is clear: "the lessor shall not be responsible for loss of business . . . nor any other losses or damages . . ." and "lessee shall hold harmless lessor from damage of any vehicle against all losses of every kind and nature arising out of the use of the vehicles." That such language does not specifically exclude warranties of fitness or warranties against latent defects does not mean the above disclaimer is ineffective. See *Sport Shop v. Churchwell,* 131 Ga. App. 718 (2) (206 SE2d 715); *Tribble v. Somers,* 115 Ga. App. 847 (156 SE2d 130); *Plaza Hotel v. Fire Products Corp.,* 87 Ga. App. 460 (74 SE2d 372); *Sinclair Refining Co. v. Reid,* 60 Ga. App. 119, 123 (3 SE2d 121). Both *Plaza Hotel* and *Tribble* deal with lease language exculpating the landlord's statutory duty to keep the leased premises safe, and are authority for exculpating the statutory duty sought to be imposed by plaintiff here. See also, *Redfern Meats v. Hertz,* supra; *Mays v. C & S Nat. Bank,* 132 Ga. App. 602, 608 (208 SE2d 614).

4. As to defendant's counterclaim on the GMC van, the trial court properly granted the defendant's motion for summary judgment, because it was entitled to recover thereon as a matter of law. The master lease entered

between the parties contains this provision: "This Agreement may not be amended or altered in any manner except in writing signed by both parties." Thus, even if an employee of the defendant orally told the plaintiff that there would be no penalty for a premature termination of the lease as to the GMC van other than the loss of the plaintiff's security deposit, such oral statement did not modify or waive the written "premature termination" and "default" provisions of the written lease.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED MARCH 3, 1975 — DECIDED JUNE 4, 1975.

*Horton, Malone, Crim & Latimore, D. W. Latimore, Jr.,* for appellant.

*Moffett, Henderson, Jones & Barnwell, Taylor W. Jones, Stephen C. Whicker,* for appellee.