## A91A1590. ALLSTATE INSURANCE COMPANY v. CITY OF ATLANTA.
### (415 SE2d 308)

BEASLEY, Judge.

Allstate appeals the grant of summary judgment on the defendant city's cross-claim against insurer Allstate for indemnification in this negligence and nuisance action brought by Allstate's insured, Kleeman, as the result of a collision with a city maintenance truck. (The court also denied the city's motion for summary judgment on the main claim but that ruling is not questioned now.) The sole issue is the effect of a "General Release and Indemnification" executed by the insurer.

Following the collision on August 14, 1987, Kleeman received payment from Allstate for resultant damage. Allstate made demand on the city for subrogation of the amount paid. The city agreed to pay Allstate the $1,000 limit of its self-insurance program. In exchange, Allstate's subrogation adjuster executed the document at issue.

The document, which was the city's pre-printed form with blanks to be filled in for the occurrence, its date, and the amount of consideration, had two primary parts: "IN CONSIDERATION of the sum of ONE THOUSAND DOLLARS, to me in hand paid by the CITY OF ATLANTA, the receipt of which is hereby acknowledged, I . . . release and forever discharge said City, its officers and employees, from any and all claims, demands, actions, causes of action, suits, damages, loss and expenses, of whatsoever kind or nature for or on account of anything that has heretofore occurred, and particularly for or on account of a vehicular accident which occurred on or about the 14th day of August, 1987, at or near [address of incident].

"It is further understood and agreed that the payment of the above named sum is not to be considered as an admission on the part of the City, its officers, agents, servants or employees, of any liability whatsoever and the undersigned further covenants and agrees to indemnify and hold harmless the City of Atlanta, its officers, agents, servants and employees, from any and all claims, damages or costs which the said City of Atlanta, its officers, servants and employees, may be called upon to make as a result of the event hereinbefore referred to."

Subsequently, Kleeman sued the city, asserting its vicarious liability for the alleged negligence under the doctrine of respondeat superior. Because of the city's claim of sovereign immunity over and above its $1,000 insurance coverage, Allstate was served with the sum-

mons and complaint as Kleeman's uninsured motorist carrier. Kleeman amended the suit to add a nuisance claim. The city filed a crossclaim against Allstate asserting that, by executing the "General Release and Indemnification," Allstate agreed to indemnify the city from any liability in the matter so that the city was completely discharged.

Public policy is reluctant to cast the burden of negligent actions upon those who are not actually at fault. Thus "[i]t is well established in Georgia that contractual indemnities do not extend to losses caused by an indemnitee's own negligence unless the contract expressly states that the negligence of the indemnitee is covered. [Cits.]" *Southern R. Co. v. Union Camp Corp.*, 181 Ga. App. 691, 692 (1) (353 SE2d 519) (1987). See especially *Batson-Cook Co. v. Ga. Marble Setting Co.*, 112 Ga. App. 226 (144 SE2d 547) (1965). " 'The words of the contract will be scrutinized closely to discover whether such an intent is actually revealed in them and every presumption is against such intention. In the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter's own negligence.' [Cits.]" *Georgia State Tel. Co. v. Scarboro*, 148 Ga. App. 390, 391 (2) (251 SE2d 309) (1978). Compare cases in which the indemnity agreements expressly provided coverage for the indemnitee's negligence, such as *Seaboard Coast Line R. Co. v. Dockery*, 135 Ga. App. 540 (218 SE2d 263) (1975); *Seaboard Coast Line R. Co. v. Freight Delivery Svc.*, 133 Ga. App. 92, 93 (1)-95 (210 SE2d 42) (1974); *Gough v. Lessley*, 119 Ga. App. 275, 277-279 (166 SE2d 893) (1969); *Kraft Foods v. Disheroon*, 118 Ga. App. 632, 633-634 (165 SE2d 189) (1968). This applies here even though the incident for which indemnification is sought precedes the alleged agreement to indemnify so that the allegedly negligent behavior and nuisance creation had already occurred and would not be affected by the agreement. An underlying public policy is to assure that people exercise due care in their activities for fear of liability, rather than act carelessly in the knowledge that indemnity insurance will relieve them. Rather than banning such agreements altogether, public policy allows them but requires an explicit undertaking. Even though the public policy against carelessness is moot here, explicitness is still required. *Central of Ga. R. Co. v. Lester*, 118 Ga. App. 794, 801 (2) (165 SE2d 587) (1968), unequivocally states that " . . . Georgia courts never imply an agreement to indemnify another for one's own negligence in the absence of express language. [Cits.]"

In this case, the agreement describes the specific event, i.e., the vehicular collision. The indemnification language is bereft of any express or explicit statement about coverage for the city's own negligence, either direct or vicarious, or for its own act or omission as

would constitute a situation "beyond mere negligence" such as creating or maintaining a nuisance. See *City of Bowman v. Gunnells*, 243 Ga. 809, 810 (1) (256 SE2d 782) (1979), quoting with approval language in *Town of Ft. Oglethorpe v. Phillips*, 224 Ga. 834 (165 SE2d 141) (1968), which discusses what constitutes a nuisance. It should have stated such coverage, if intended, with clarity and specificity for it is insufficient to *imply* such coverage from the circumstances of the incident giving rise to the agreement. See *Southern R. Co.*, supra at 691 (1) and the cases cited therein. Even if the indemnity agreement was ambiguous as to coverage, it would have to be construed against the city as its drafter. *Scarboro Enterprises v. Hirsh*, 119 Ga. App. 866, 870 (2) (169 SE2d 182) (1969), addresses construction against the drafter especially in indemnity or exculpatory clauses.

Moreover, the context in which this document was executed, and the document itself, are significant. This is not a situation of "an insurance company whose business it is to furnish indemnity for a premium and where indemnity is the principal purpose of the contract; . . ." *Bohannon v. Southern R. Co.*, 97 Ga. App. 849, 850 (1) (104 SE2d 603) (1958). The document at issue is not an indemnity insurance contract, indemnifying the insured against future acts.

Summary judgment to the city on its cross-claim against Allstate for complete indemnification of liability in the suit was not authorized.

*Judgment reversed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 5, 1992.

*Fain, Major & Wiley, Thomas E. Brennan*, for appellant.
*Mary C. Cooney, Joe M. Harris, Jr., Barnes, Browning, Tanksley & Casurella, Jeffrey G. Casurella*, for appellee.