## A08A2347. UNITED PARCEL SERVICE, INC. v. COLT SECURITY AGENCY, INC. et al.

### (676 SE2d 22)

BARNES, Judge.

United Parcel Service, Inc. filed a declaratory judgment action against Colt Security Agency, Inc., Colt's employee Charles Perry, and its insurer, Tudor Insurance Company, seeking a declaration that Colt and Tudor were responsible for indemnifying and defending UPS against a negligence claim brought by Perry. The trial court granted several motions to strike evidence and pleadings, denied summary judgment to UPS, and granted summary judgment to Colt and Tudor. UPS appeals the summary judgments against it and the striking of some of its evidence, enumerating seven errors. For the reasons that follow, we affirm.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Wachovia Bank v. Moody Bible Inst. of Chicago*, 283 Ga. App. 488, 489 (642 SE2d 118) (2007).

Viewed in this light, the evidence shows that Perry worked for Colt, which provided security services for UPS. Perry worked at a UPS facility where one of his jobs was to check the security seals affixed to the back of tractor-trailers that were about to be unloaded. In December 2004, Perry obtained paperwork from one of the UPS drivers, went to the back of the trailer, climbed a portable rolling ladder, and began cutting the seal on the trailer door. The driver pulled forward without warning, causing Perry to fall to the ground and incur serious injuries.

Perry obtained workers' compensation benefits from Colt, and sued UPS and its driver for personal injuries. UPS filed a declaratory judgment action against Perry, Colt, and Colt's general business liability insurer Tudor, contending that Colt was obligated to indemnify UPS against Perry's claim against UPS, who was included as an insured in Colt's general liability insurance obtained from Tudor. After substantial discovery and voluminous pleadings, Tudor and Colt moved for summary judgment against UPS, and UPS moved for summary judgment against Colt and Tudor. Both parties also filed motions to strike certain evidence.

In granting summary judgment to Colt, the trial court held that Colt did not assume contractual responsibility to indemnify UPS for

YALE LAW LIBRARY

UPS's own negligence; that UPS could not seek indemnification from Colt under the Workers' Compensation Act; and that UPS was barred from indemnification because it refused to cooperate with Tudor's investigation, thus violating the terms of the Tudor policy. In granting summary judgment to Tudor, the court considered the policy terms and held that Perry's claims against UPS did not fall within its coverage for several reasons. The indemnity clause of the contract between Colt and UPS did not expressly obligate Colt to defend and indemnify UPS for claims arising solely from UPS's own negligence, but only to the extent that Colt's actions precipitated the claim. Other grounds included the insurance contract's definition of an "additional insured," the contract's auto-exclusion clause, and UPS's failure to cooperate with Tudor's investigation. On the same day, the trial court struck evidence UPS submitted regarding a Pennsylvania case with similar facts in which Tudor agreed to indemnify UPS; deposition testimony related to the facts in the underlying personal injury case; and Perry's response to UPS's summary judgment motion, which was filed only against Colt and Tudor.

UPS raises several enumerations on appeal, contending the trial court erred in granting summary judgment because Perry's alleged injuries were not caused solely by UPS but by his own negligence; because UPS fully cooperated with Tudor, who was not prejudiced by any failure; because Tudor breached its duty to defend UPS by failing to investigate; because the auto-exclusion clause of Tudor's policy with Colt did not apply; and even if it did apply, the incident is still covered under Tudor's business auto policy. UPS also asserts the trial court erred in striking the deposition testimony of its driver and the documents from the Pennsylvania case.

If Colt is not required to indemnify UPS for its own liability, and the complaint alleges only UPS's liability, we need not consider any of the trial court's other reasons for granting summary judgment to Colt and Tudor.

1. Georgia law is very clear that a contract does not indemnify the indemnitee against its own negligence unless it says so, because "[p]ublic policy is reluctant to cast the burden of negligent actions upon those who are not actually at fault." *Allstate Ins. Co. v. City of Atlanta*, 202 Ga. App. 692, 693 (415 SE2d 308) (1992). In determining whether indemnity extends to losses solely attributable to the negligence caused by the indemnitee, "[t]he words of the contract will be scrutinized closely to discover whether such an intent is actually revealed in them and every presumption is against such intention." Id.

Under the Guard Services Agreement between Colt and UPS, UPS paid Colt for the services and supervision of uniformed guards at different facilities. Clause 7 provides:

[Colt] shall defend, indemnify, and hold harmless UPS . . . from and against any and all claims, losses, damages, suits, fees, judgments, costs, expenses (including attorney's fees), or liabilities of any kind or nature whatsoever related to the Work hereunder, including, but not limited to, those arising or alleged to have arisen out of or in consequence of negligence, wrongful acts or omissions, unlawful acts, or willful misconduct of [Colt], or of [Colt]'s personnel, which UPS may incur or sustain out of or in connection with, but not limited to, personal injury.

. . .

[Colt] shall bear any expense of defending any action which may be brought against UPS alone or along with [Colt] or others . . . [and] shall assume the defense of such action . . . and . . . pay any judgment or claim established against or cost or expense incurred by UPS arising from any causes hereinabove set forth in accordance with the terms set forth above.

The contract also provides that Colt will maintain workers' compensation insurance, general and automobile liability insurance, and a blanket fidelity bond.

Construing a contract with language very similar to this one, the Supreme Court of Georgia found the indemnity clause unenforceable to require indemnification for the indemnitee's sole negligence. *Ryder Integrated Logistics v. BellSouth Telecommunications*, 281 Ga. 736, 737 (642 SE2d 695) (2007). It is also unenforceable here.

2. In *Ryder*, however, BellSouth did not dispute that the action was based solely on its alleged negligence.[1] In this case, UPS asserts that the contract indemnifies it for claims arising from "mixed negligence or comparative fault." It argues strenuously that Perry was negligent in failing to take the driver's key away before he climbed behind the trailer, and therefore the action is not solely against UPS.

This argument, however, confuses contributory and comparative negligence with joint liability. Under Georgia's contributory negli-

---

[1] Ryder's employee was unloading bales of wire at a BellSouth facility when the grate beneath him gave way and he fell 16 feet onto a concrete slab.

YALE LAW LIBRARY

gence doctrine, a plaintiff who had the last clear chance to avoid injury cannot recover, and under its comparative negligence rule, "if the plaintiff's negligence was less than the defendant's, the plaintiff is not denied recovery although his damages shall be diminished by the jury in proportion to the degree of fault attributable to him." *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988); see OCGA § 51-12-33.

In this case, the driver is not suing himself. Any negligence on his part would either set off his damages or deny him recovery altogether. The complaint contains no allegations of negligence against anyone but UPS's driver for driving off without ascertaining whether Perry was still working behind the trailer, and UPS's arguments to the contrary are unavailing.

3. Based on the foregoing, the remaining enumerated errors are moot. Tudor's motion to have UPS redact and recast its brief is also moot, as UPS already complied with this court's order to do so. Tudor's motion to dismiss the appeal because UPS apparently settled Perry's claim, UPS's motion for sanctions against Tudor for filing the motion to dismiss, and UPS's motion to strike Perry's brief are denied.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2009 — 

*Lewis, Brisbois, Bisgaard & Smith, Jeffrey W. Melcher*, for appellant.

*Webb, Zschunke, Neary & Dikeman, Dennis J. Webb, Christopher R. Abrego, Jones, Cork & Miller, Jeffery O. Monroe, King & Spalding, Chad A. Peterson*, for appellees.