S06G1133. RYDER INTEGRATED LOGISTICS, INC. et al.
v. BELLSOUTH TELECOMMUNICATIONS, INC.
(642 SE2d 695)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Ryder Integrated Logistics v. BellSouth Telecommunications*, 277 Ga. App. 679 (627 SE2d 358) (2006), to examine the determination by the Court of Appeals that the insurance provision of the contract that Ryder Integrated Logistics, Inc. ("Ryder") had with BellSouth Telecommunications, Inc. ("BellSouth") obligated Ryder to compensate BellSouth for a claim that exceeded a $1,000,000 insurance policy that Ryder had secured. Finding that the Court of Appeals incorrectly held that Ryder was liable to BellSouth for damages due to BellSouth's sole negligence, we reverse.

Under a contract with BellSouth, Ryder supplied certain transportation and logistical services to BellSouth. Ray, a Ryder employee, was working for Ryder at a BellSouth facility when he was injured. Ray and his wife sued BellSouth for negligence and BellSouth tendered the defense of the suit to Ryder and Old Republic Insurance Company ("Republic"), Ryder's insurer. Ryder and Republic refused

to defend or indemnify BellSouth, and BellSouth filed a third-party complaint against them. The contract between Ryder and BellSouth contained an insurance provision, which stipulated that Ryder would maintain at least $1,000,000 of commercial general liability insurance ("CGL"), and required that BellSouth be named as an additional insured on the policy; the Rays subsequently settled their claims with BellSouth for an amount over $1,000,000, but less than $6,000,000, which was the amount of an excess liability policy that Ryder secured from Republic.

The contract also contained a provision dealing with indemnity, which stated:

> [Ryder] agrees to indemnify and hold [BellSouth] harmless from any and all liabilities, causes of action, lawsuits, penalties, claims or demands . . . that may be made by:
> 1. Anyone for injuries of any kind . . . resulting from [Ryder's] negligent or willful acts or omissions or those of persons furnished by [Ryder], its agents or subcontractors, or resulting from the use of [Ryder's] Services, material, or software furnished hereunder or resulting from [Ryder's] failure to perform its obligations hereunder;
> 2. Any of . . . [Ryder's] . . . employees . . . for which [Ryder's] . . . liability to such employee . . . would otherwise be subject to payments under the state Worker's Compensation laws or . . . premises liability principles. . . .
> [Ryder], at its own expense, shall defend [BellSouth], at [BellSouth's] request, against any such liability, cause of action, penalty, claim, demand . . . or lawsuit, including any in which [BellSouth] is named as an "employer" or "joint employer" with [Ryder]. [BellSouth] shall notify [Ryder] promptly of any written claims or demands against [BellSouth] for which [Ryder] is responsible hereunder.

In Division 1 of its opinion, the Court of Appeals noted that the Rays' claim was based on BellSouth's sole negligence, and correctly held that the indemnity provision was thus unenforceable.[1] *Ryder Integrated Logistics,* supra at 681-683.

> Public policy is reluctant to cast the burden of negligent actions upon those who are not actually at fault. Thus "[i]t is well established in Georgia that contractual indemnities do

---

[1] We will not revisit the Court of Appeals's determination that, under the posture of this appeal, the Rays' claim is based on BellSouth's sole negligence.

not extend to losses caused by an indemnitee's own negligence unless the contract expressly states that the negligence of the indemnitee is covered. [Cits.]" [Cit.] " 'The words of the contract will be scrutinized closely to discover whether such an intent is actually revealed in them and every presumption is against such intention. In the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter's own negligence.' [Cits.]" [Cit.] ". . . Georgia courts never imply an agreement to indemnify another for one's own negligence in the absence of express language. [Cits.]"

*Allstate Ins. Co. v. City of Atlanta*, 202 Ga. App. 692, 693 (415 SE2d 308) (1992). The contract at issue did not expressly state that the indemnity provision applied to the negligence of BellSouth, and under the provision, Ryder cannot be found to be obligated to indemnify BellSouth in this instance.

The Court of Appeals also addressed the contract's separate insurance provision,[2] which required that Ryder secure insurance for BellSouth's, and its own, liability. This provision established in pertinent part that:

[d]uring the term of this Agreement, [Ryder] shall maintain all insurance . . . required by law or this Agreement, including but not limited to the following:

. . .

3. Commercial general liability insurance . . . [which] shall have limits of at least $1,000,000 for bodily injury, including death, to any one person, $1,000,000 as a result of any one occurrence, and $1,000,000 for each occurrence of property damage. . . .

. . . All commercial general liability policies required herein shall name [BellSouth] as an additional insured with respect to work performed under this Agreement.

Under Ryder's CGL policy with Republic, coverage was extended to "[a]ny person or organization for whom [Ryder] is obligated by

---

[2] The Court of Appeals noted that the contract contained a severability provision, and that there was no appeal of the trial court's determination that the insurance provision was valid even if the indemnity provision was not. *Ryder Integrated Logistics*, supra at 683 (2).

written agreement to provide liability insurance . . . arising out of" the insured operations. Thus, the Court of Appeals found that Bell-South was an included insured on the $1,000,000 policy, as Ryder was obligated under its contract to provide BellSouth liability insurance. *Ryder Integrated Logistics*, supra at 684-685 (3).

In Division 4 (a) of its opinion, the Court of Appeals addressed additional language in the insurance provision of the Ryder-BellSouth contract. After requiring that Ryder provide a CGL policy of at least $1,000,000, the insurance provision concluded with the following language: *"NOTWITHSTANDING ANY OF THE ABOVE, NO LIMIT OF INSURANCE SHALL IN ANY MANNER SERVE AS A LIMITATION OF [RYDER'S] LIABILITY UNDER ANY PROVISION OF THIS AGREEMENT."* The Court of Appeals stated that:

> [w]e construe the italicized proviso to mean that Ryder was required to procure at least $1,000,000 in CGL insurance, but if a claim exceeded that amount, then Ryder would be liable for any deficiency. In other words, the $1,000,000 in coverage was not intended to limit Ryder's liability.[3]

And, in the last paragraph of its opinion, the Court stated that "we conclude that Republic has a duty to defend and indemnify BellSouth to the extent of its coverage under the CGL policy, and Ryder is liable for any deficiency."[4]

There is no basis for a finding that Ryder is liable for any amount beyond the $1,000,000 coverage in the insurance policy. Ryder was obligated under the insurance provision to provide an insurance policy for BellSouth with "limits of at least $1,000,000." As the Court of Appeals found, Ryder satisfied that obligation. *Ryder Integrated Logistics*, supra. However, nothing in the italicized language created any greater liability; it simply provided that the requirement of insurance does not prevent Ryder from being considered liable under other portions of the contract. And there is no other contractual provision providing for such liability. *If the indemnity provision was enforceable*, it would be a potential source of greater liability, and the requirement of a $1,000,000 insurance policy would not limit Ryder's indemnity obligation to that amount. But, as the Court of Appeals correctly found, the indemnity provision is not enforceable. Id. at 683 (1). The limitation language of the insurance provision simply does

---

[3] The Court of Appeals did not cite any specific authority for this holding.

[4] It is uncertain whether in using this language, the Court of Appeals was re-visiting the contract's indemnity provision. In any event, it makes no difference to our analysis.

740

not resurrect the indemnity provision; public policy continues to prevent its being given effect.

BellSouth asserts that a reading of the entire contract yields the conclusion that the parties intended Ryder to perform the transportation duties, and to assume the responsibility for protecting both parties from attendant liability. But, the contract reveals that Ryder did not, under the laws of this State, agree to indemnify BellSouth for BellSouth's sole negligence. What Ryder did agree to do, under the contract's enforceable insurance provision, is assume the responsibility for procuring a CGL insurance policy with a limit of at least $1,000,000, a duty that Ryder met.[5]

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 19, 2007.

*Magill & Atkinson, David M. Atkinson, Roger D. Martin*, for appellants.

*Carter & Ansley, J. Robert Persons, J. Henry Walker IV, James R. Thompson, Kilpatrick Stockton, Thomas C. Harney*, for appellee.

---

[5] BellSouth also contends that the Court of Appeals erred in determining that the language of Ryder's excess liability insurance policy did not include BellSouth as an insured party. Such a question is beyond the scope of this Court's grant of certiorari. See *Accolades Apts., L.P. v. Fulton County*, 274 Ga. 28, 30, n. 2 (549 SE2d 348) (2001).