**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 24, 2025**

# In the Court of Appeals of Georgia

A25A0723. THE RED DRESS BOUTIQUE, INC. et al. v. HARBOUR.

RICKMAN, Presiding Judge.

In this interlocutory appeal, The Red Dress Boutique, Inc., and Diana Athena Best Harbour challenge the trial court's order denying their motion to dismiss the counterclaim and third–party complaint filed by Diana's former husband, Joshua Lee Harbour, and granting Joshua's motion for joinder. Red Dress and Diana contend that the trial court erred in finding that Joshua sufficiently alleged that they breached the hold harmless clause in a divorce settlement agreement and in finding that Diana must be joined as a defendant. For the reasons that follow, we affirm.

This Court reviews de novo a trial court's ruling on a motion to dismiss. *Gyllstrom v. Blue Stone Condo. Assn.*, 371 Ga. App. 817, 818 (903 SE2d 282) (2024).

In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. The pleadings to be construed include any exhibits attached to and incorporated into the complaint and the answer.

(Citations and punctuation omitted.) Id.

The record shows that Diana and Joshua formed Red Dress Boutique, a retail women's clothing business based in Athens, in 2005. Joshua, who became a licensed Georgia attorney in 2013, served in various roles as an officer of Red Dress. At the time of their divorce in 2023, Diana and Joshua were equal owners of the business. Diana and Joshua's divorce decree incorporated a settlement agreement under which Joshua agreed to sell his interest in Red Dress to Diana so that she would be the sole owner of the business, and she agreed to "hold [Joshua] harmless from any liability associated with [Red Dress]."

In 2024, Red Dress sued Joshua for breach of fiduciary duty, professional negligence, and conversion, alleging that he misappropriated Red Dress's assets, improperly altered financial documents, and deliberately underpaid sales taxes when he worked for the business. Joshua answered and also counterclaimed for breach of

contract, asserting that Red Dress, as the third-party beneficiary of the settlement agreement, violated the agreement's hold harmless clause by suing him. In addition, Joshua filed a third-party complaint against Diana, alleging that she had breached the hold harmless clause, and he moved to add her as a party to the lawsuit. Red Dress moved to dismiss the counterclaim and third-party complaint for failure to state a claim, and it opposed Diana's joinder. In response to Red Dress's motion to dismiss, Joshua claimed that Diana knew about, acquiesced in, and participated in most of the conduct about which Red Dress complained.

Following a hearing, the trial court entered an order denying Red Dress's motion to dismiss and permitting the joinder of Diana as a third-party defendant. With respect to the motion to dismiss, the trial court concluded that Joshua had

> adequately alleged facts supporting Diana's and Joshua's binding of Red Dress, as actual and apparent agents of the company, to the terms of the settlement agreement, Red Dress's ratification of Diana's actions, Red Dress's and Diana's breach of the terms of the settlement agreement, and Diana's possible liability to the company for agreeing or acquiescing to the conduct of which Red Dress complains.

And with respect to the motion for joinder, the trial court found that

[OCGA § 9-11-19 (a) (1)'s] concept of complete relief, which embraces the desirability of avoiding repetitive lawsuits on essentially the same facts or subject matter, as well as the desirability of joining those in whose absence there might be a grant of hollow or partial relief to the parties before the court . . . necessitates the presence of Diana.[1]

At Red Dress's request, the court certified its order for immediate review, and we granted Red Dress's application for interlocutory appeal. This appeal followed.

Red Dress and Diana contend that the trial court erred in concluding that Joshua had stated a claim against Red Dress for breach of the settlement agreement's hold harmless clause and in concluding that Diana must be joined as a defendant based on Joshua's claim that she also breached the settlement agreement. Relying on *Ryder Integrated Logistics v. BellSouth Telecommunications*, 281 Ga. 736 (642 SE2d 695) (2007), they argue that the hold harmless clause does not apply because it does not

---

[1] Pursuant to OCGA § 9-11-19 (a) (1), "[a] person who is subject to service of process shall be joined as a party in the action if . . . [i]n his [or her] absence complete relief cannot be afforded among those who are already parties[.]"

specifically indemnify Joshua from his own misconduct and, as a result, he cannot assert counterclaims or third-party claims based on violations of that clause.[2]

We review de novo the construction of incorporated settlement agreements in divorce cases. *Dean v. Dean*, 361 Ga. App. 698, 700 (1) (865 SE2d 292) (2021). Our analysis begins by recognizing the maxim that "[s]ettlement agreements in divorce cases are construed in the same manner as all other contractual agreements." (Citation and punctuation omitted.) *Messick v. Messick*, 359 Ga. App. 481, 482 (3) (858 SE2d 758) (2021).

> The meaning and effect of the settlement agreement should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties. In construing the contract, we are limited to those terms upon which the parties have actually agreed, for absent the parties' mutual assent, there is no enforceable contract.

(Citations and punctuation omitted.) Id.

---

[2] Red Dress and Diana have not asserted additional arguments challenging Joshua's claim that Red Dress was bound by the terms of the settlement agreement between Diana and Joshua or challenging the trial court's grant of Joshua's motion to join Diana as a party defendant.

Within that framework, we consider the hold harmless clause at issue here.[3] "[U]nder Georgia law, the words of a contract of indemnification must be construed strictly against the indemnitee and every presumption is against an intention to indemnify." (Citation and punctuation omitted.) *Firmani v. Dar-Court Builders*, 339 Ga. App. 413, 425 (4) (793 SE2d 596) (2016). Accordingly, "[i]t is well established in Georgia that contractual indemnities do not extend to losses caused by an indemnitee's own negligence unless the contract expressly states that the negligence of the indemnitee is covered." (Citation and punctuation omitted.) *Ryder*, 281 Ga. at 737-738; see also *Viad Corp v. United States Steel Corp.*, 343 Ga. App. 609, 616 (1) (808 SE2d 58) (2017) (indemnitee may not claim indemnity for its own negligence unless the relevant agreement "expressly, plainly, clearly and unequivocally" provided that indemnitor would indemnify to that extent) (citation and punctuation omitted).

> In the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter's own negligence.

---

[3] Although the word "indemnify" is not included in the hold harmless clause, "[i]n order to create a binding contract for indemnity, the indemnitor need only express the intent to protect the indemnitee against a loss; the contract is not required to contain the magic word 'indemnify.'" (Citation and punctuation omitted.) *Milliken & Co. v. Georgia Power Co.*, 354 Ga. App. 98, 101 (839 SE2d 306) (2020).

> [And] Georgia courts never imply an agreement to indemnify another for one's own negligence in the absence of express language.

(Citations and punctuation omitted.) *Ryder*, 281 Ga. at 738; see also *Douglas Asphalt v. Georgia Dept. of Transp.*, 319 Ga. App. 47, 49 (1) (735 SE2d 86) (2012) ("In terms of liability for indemnity as created by contract, unless the words of a contract explicitly show an agreement to indemnify another party for his own negligence, such an agreement cannot be implied.") (citations and punctuation omitted).

Given that clear directive and the well-settled principle that settlement agreements in divorce cases are construed in the same manner as all other contractual agreements, we conclude that the hold harmless clause in the settlement agreement at issue here did not constitute a promise by Diana to indemnify Joshua for his own negligence. We next consider whether, as argued by Red Dress and Diana, our Supreme Court's decision in *Ryder* compels us to conclude that the hold harmless clause does not apply as a matter of law and that the trial court should have dismissed Joshua's counterclaim and third-party complaint alleging violations of that clause.

In the *Ryder* case, Ryder provided certain transportation and logistical services to BellSouth Telecommunications under a contract promising that Ryder would

indemnify BellSouth from liability for any claims brought by Ryder's employees. 281 Ga. at 736. A Ryder employee who was injured on the job sued BellSouth for negligence. Id. BellSouth filed a third party claim against Ryder, demanding indemnification under its contract with Ryder. Id. at 737. Our Supreme Court held that the indemnity provision was unenforceable because the contract at issue did not expressly state that the indemnity provision applied to the negligence of BellSouth, and the employee's claim "was based on BellSouth's sole negligence." Id. at 737-738.

The situation here is distinguishable, however. Joshua has asserted that Diana knew about, acquiesced in, and participated in most of the complained of conduct and, therefore, if his behavior constitutes negligence, Diana's behavior does as well, and their combined negligence caused Red Dress's injuries. And this Court has held that an indemnification provision that does not indemnify a defendant for its own acts of negligence could grant indemnity to the defendant for damages due to the combined negligence of a defendant and a third-party defendant. See *Benson Paint Co. v. Williams Constr. Co.*, 128 Ga. App. 47, 50 (2) (195 SE2d 671) (1973) (if plaintiff's injuries are caused by the combined negligence of two defendants, then a contractual provision granting indemnity by one defendant to the other is enforceable); see also

8

*Milliken & Co. v. Georgia Power Co.*, 354 Ga. App. 98, 102 (839 SE2d 306) (2020) (Indemnification could potentially apply in certain instances where the combined negligence of Georgia Power, as indemnitor, and Milliken, as indemnitee, results in damages even though the indemnification provision does not expressly state that Milliken's negligence is covered, but "Milliken cannot be owed indemnity unless Georgia Power is also found to have been negligent.").

Given the possibility that a showing of combined negligence could allow for indemnification under the hold harmless clause of the settlement agreement, an issue we cannot resolve on the existing record, *Ryder* does not demand a finding that the trial court erred in denying the motion to dismiss.[4] See generally *Sneed v. Place at Midway, LLC*, 372 Ga. App. 456, 456 (904 SE2d 522) (2024) ("[I]f, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.") (citation and punctuation

---

[4] Red Dress and Diana also argue that the trial court improperly extended the terms of the settlement agreement's hold harmless clause by implication to cover not only Joshua's negligence but also his gross negligence and intentional misconduct, but we do not read the trial court's order to include such a ruling. As a result, this argument presents nothing for our review. See *City Of Gainesville v. Dodd*, 275 Ga. 834, 837-838 (573 SE2d 369) (2002) ("An error of law has as its basis a specific ruling made by the trial court," and "the appellate courts do not rule on issues not ruled on by the trial courts.") (citation and punctuation omitted).

omitted). Accordingly, we affirm the trial court's denial of the motion to dismiss and the grant of Joshua's motion to join Diana as a party defendant.

*Judgment affirmed. Gobeil and Davis, JJ., concur.*